**Peter PORCARO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 83–2707–C.**

United States District Court, D. Massachusetts.

Aug. 1, 1984.

Peter J. Porcaro, pro se.

Joan Stanley, Asst. U.S. Atty., Boston, Mass., for respondent.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a petition under 28 U.S.C. § 2255 filed pro se by Peter Porcaro, who was found guilty by a jury on eight counts of mail fraud on February 1, 1982. On April 22, 1983, petitioner's conviction was affirmed on appeal as to seven of the counts and vacated as to one count. The matter is now before the Court on the government's motion to dismiss. Memoranda of law have been filed by both parties.

I rule that the petition should be dismissed and that no evidentiary hearing is warranted or required to dispose of the five separate grounds alleged in the petition.

■ In Ground One of the petition, petitioner raises a claim that the trial judge's charge to the jury was erroneous. Specifically, petitioner claims that the trial judge's instruction on the use of the mails in the commission of mail fraud was in error. Though the terminology employed by petitioner is different, Ground One is in substance the same challenge to the trial court's instruction on the issue of intent that was considered and disposed of adversely to petitioner by the Court of Appeals for the First Circuit. *United States v. Porcaro*, 714 F.2d 109, slip op. at 8–9 (1st Cir.1983). "Issues disposed of on a prior appeal will not be reviewed again by way of a [§] 2255 motion." *Tracey v. United States*, 739 F.2d 679 at ___ (1st Cir.1984). I rule, therefore, that petitioner's Ground One should be dismissed.

■ As Ground Two of his § 2255 petition, Porcaro asserts that his sentence should be vacated because he was convicted of an offense for which there is no punishment named in the United States Constitution. This claim is patently frivolous. I rule that 18 U.S.C. § 1341 is a valid constitutional statute which defines the offense and prescribes the punishment. *See Parr v. United States*, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960). I rule further that plaintiff is clearly not entitled to relief on this ground, and, therefore, Ground Two should be dismissed.

■ In Ground Three, petitioner raises a claim of ineffective representation at trial. In the First Circuit, the proper standard by which to measure the performance of an attorney is whether counsel's performance is "within the range of competence expected of attorneys in criminal cases." *United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir.1978). To state and prove his claim under this standard, Porcaro must allege and show that any errors made by his trial counsel "clearly 'resulted from neglect or ignorance....'" *Id.* Petitioner has failed to make the required allegations in his petition. Moreover, in light of the record of the trial, it is clear that petitioner could not make the required showing at an evidentiary hearing on the matter. The record of the trial shows that petitioner was represented by two experienced and competent trial attorneys who vigorously defended him, filed all the appropriate motions, and showed at least the normal amount of trial preparation. At best, Porcaro could show that his attorneys' trial tactics now appear unwise when viewed with 20/20 hindsight. Such a showing would fall far short of meeting the standard enunciated by the Court of Appeals for the First Circuit in *Bosch, supra.* Accordingly, I rule that petitioner's Ground Three should be dismissed.

■ Petitioner's Ground Four is a constitutional attack on the grand jury selection process of this Court. An objection to the composition of the grand jury must be raised prior to trial. Fed.R.Civ.P. 12(b)(2).

Porcaro seeks to raise his objection to the grand jury composition for the first time in his § 2255 petition. I rule, therefore, that Porcaro has waived his right to object to any alleged defect in the grand jury composition. Once such a claim has been waived, it "may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of 'cause' ...." *Davis v. United States*, 411 U.S. 233, 242, 93 S.Ct. 1577, 1582, 36 L.Ed.2d 216 (1973). Additionally, "it is entirely proper to take absence of prejudice into account in determining whether a sufficient showing has been made to warrant relief from the effect of [waiver]." *Shotwell Manufacturing Co. v. United States*, 371 U.S. 341, 363, 83 S.Ct. 448, 461, 9 L.Ed.2d 357 (1963). I rule that petitioner has failed to allege or show cause for relief from waiver, and that he has failed to allege or show any way in which he was prejudiced by the alleged defects in the jury selection process. I rule, therefore, that petitioner's Ground Four should be dismissed.

■ As Ground Five, petitioner claims that the government knowingly presented the perjured testimony of a postal inspector to the grand jury. Specifically, Porcaro asserts that the postal inspector perjured himself when he testified that the petitioner had operated his business in violation of an injunction issued by the Commonwealth of Massachusetts. Petitioner's allegation of perjury is directly contradicted by the trial record and by the Court of Appeals and its decision in the case. *United States v. Porcaro*, at 109, slip op. at 8 ("Porcaro admitted that after the Massachusetts injunction [he] used the same methods in other states."). Furthermore, even if petitioner could prove his allegation of perjury, he would not be entitled to relief pursuant to § 2255 unless he could show that the perjured testimony was knowingly and intentionally used by the government to convict him at trial. *Green v. United States*, 313 F.2d 6, 9 (1st Cir.), *cert. dismissed*, 372 U.S. 951, 83 S.Ct. 948, 9 L.Ed.2d 976 (1963). This showing has not been, and could not be, made for at least two reasons. First,

there is nothing in the record to show that the postal inspector in question testified at Porcaro's trial, nor does petitioner allege that he did so. Second, the postal inspector's statements made to the grand jury were corroborated by the testimony of other witnesses at Porcaro's trial. Accordingly, I rule that petitioner's Ground Five should be dismissed.

I rule that the record of this case conclusively shows that Porcaro is entitled to no relief pursuant to § 2255, and that no evidentiary hearing is required. I rule, therefore, that Porcaro's petition should be dismissed in its entirety.

Order accordingly.