**Peter J. PORCARO,**
**Petitioner, Appellant,**

v.

**UNITED STATES of America,**
**Respondent, Appellee.**

No. 84–1808.

United States Court of Appeals,
First Circuit.

Submitted Sept. 13, 1985.

Decided Feb. 21, 1986.

As Amended Feb. 28, 1986.

Rehearing Denied April 1, 1986.

Peter Porcaro on brief, pro se.

Gary S. Katzmann, Asst. U.S. Atty., and William F. Weld, U.S. Atty., on brief for appellee.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

Petitioner, convicted of mail fraud, appeals from the order dismissing his § 2255 petition without a hearing, 588 F.Supp. 1366. We deal with each of petitioner's contentions in the order presented in the petition and affidavit. We do not consider the supplemental allegations petitioner has included in his appellate brief, but rather restrict our review to the record. *Glaros v. Perse*, 628 F.2d 679, 681 (1st Cir.1980).

*Ground 1: Variance between indictment, proof and charge*

Petitioner contends that the indictment was in effect impermissibly amended to conform to the proof in that the indictment charged a *knowing* use of the mails whereas the jury were charged that petitioner need not have knowingly used the mails but rather it was sufficient that petitioner performed certain acts under circumstances where it was reasonably foreseeable that the mails would be used.

To begin with, petitioner's argument fails because the superseding indictment does not read as petitioner claims. Rather the indictment charged, with respect to use of the mails, that petitioner "did place and caused to be placed" certain matter in the mail. This charge was substantially in line with both the evidence and the jury instructions.

Petitioner's arguments seem to assume that a specific, consciously thought out intent to use the mails in an essential element of mail fraud. It is not. It is sufficient that the success of the scheme to defraud be dependent in some way on mailing and that defendant caused the mails to be used. A person causes the mails to be used when "he does an act with knowledge

that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended ..." *Pereira v. United States,* 347 U.S. 1, 8–9, 74 S.Ct. 358, 362–363, 98 L.Ed. 435 (1954). Nor do we find the mail fraud statute as applied to petitioner unconstitutionally vague or violative of the rule of lenity.

### Ground 2. Unconstitutionality of mail fraud statute

Petitioner seems to argue that it is beyond Congress's constitutional power to enact a statute proscribing mail fraud. Petitioner is wrong. Congress "may forbid any ... [mailing] ... in furtherance of a scheme that it regards as contrary to public policy...." *Badders v. United States,* 240 U.S. 391, 393, 36 S.Ct. 367, 368, 60 L.Ed. 706 (1916).

### Ground 3. Ineffective Assistance of counsel

■ To establish a claim of ineffective assistance of counsel, petitioner would have to show both (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2065, 2068, 80 L.Ed.2d 674 (1984). In the present case, petitioner was denied a hearing at which to establish his ineffective assistance claim, and thus we must determine whether petitioner made sufficient factual allegations which, if true, would state a claim on which relief could be granted. *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985). We accept petitioner's allegations as true except to

the extent they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Mack v. United States,* 635 F.2d 20, 26–27 (1st Cir. 1980). We turn to petitioner's specific claims of ineffective assistance.

#### 1. Failure to present favorable evidence.

■ Petitioner's affidavit alleged, among other things, that petitioner informed counsel of eleven satisfied customers who would have testified that petitioner made no misrepresentations, did not use any high pressure sales tactic, fulfilled all promises, and made cash refunds when required.[1] A brief review of the evidence at petitioner's trial places the relevancy of satisfied customer evidence in perspective. Petitioner was convicted of numerous counts of mail fraud arising out of the sale by petitioner or his agents of a number of distributorships, the value of which had been grossly exaggerated. The prosecution's case consisted largely of the testimony of fourteen or so victims who, attracted by petitioner's advertisements and hyperbole, invested, and then lost, their money. A Massachusetts Assistant Attorney General who had investigated petitioner and obtained a preliminary injunction enjoining petitioner from using some of his more blatant advertising ruses also testified. He emphasized that during his negotiations with petitioner, he asked petitioner to produce just one satisfied customer, but petitioner never did. The only defense witnesses were petitioner and his co-defendant who testified that they never intended to mislead or defraud anybody, that they attempted to satisfy all their customers' needs, and that they did not make any misrepresentations and tried to ensure that their agents made none.

---

**1.** Petitioner filed his own affidavit of what the witnesses supposedly would have testified to rather than affidavits from the witnesses themselves. While it would have been preferable to produce affidavits from the witnesses, in view of Rule 2(b) of the Rules Governing Section 2255 Proceedings which requires only that facts supporting the motion be set forth in "summary form," we cannot say this omission was fatal. This is not to say that the district court could not have directed petitioner to supplement his filings with affidavits from the customers themselves, *see* Rule 7(b) of Rules Governing Section 2255 Proceedings, but such a procedure was not invoked here, so far as we can tell.

Petitioner's argument is that against this background—particularly the Assistant Attorney General's claim that petitioner had never produced even one satisfied customer—had a number of truly satisfied customers been presented to the jury, petitioner's claim that he was running a legitimate business would have been greatly enhanced and petitioner would probably have had a significantly better chance for acquittal.

It may well be that satisfied customer evidence, if it existed, would have been relevant and admissable with respect to petitioner's intent. *See, e.g., United States v. Shavin,* 287 F.2d 647, 652 (7th Cir.1961) (attorney charged with a mail fraud scheme which consisted of submitting inflated personal injury claims to insurance companies on behalf of a number of clients should have been permitted to show the uninflated claims submitted on behalf of other clients). And, depending on the number of witnesses and the strength of their testimony, perhaps the outcome might have been different. On the other hand, we can envision circumstances where the decision not to call satisfied customers would be sustainable as rational trial tactics. For example, if the so-called satisfied customers had also lost their investment, even though they might not have held the loss against petitioner, counsel could reasonably conclude their evidence would not have aided petitioner. Much depends on the circumstances, *cf., Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir.1984) (omitted evidence would not have contradicted evidence of defendant's guilt), and we cannot say that at the preliminary pleading stage at which the court dismissed the § 2255 petition, petitioner had failed to state a claim. This does not necessarily mean that on remand petitioner will be entitled to an evidentiary hearing, however. Rather, the more expeditious course may be to require petitioner to obtain affidavits from the allegedly satisfied customers and other persons, *see* Rule 7 of the Rules Governing Section 2255 Proceedings in the United States District Courts, and then, depending upon the content of the affidavits, to determine whether an evidentiary hearing is warranted.[2]

### 2. *Counsel's failure to object to jury charges.*

Petitioner contends the charge impermissibly shifted the burden of proof concerning intent to petitioner. We have already rejected this argument in our opinion affirming petitioner's conviction. *United States v. Porcaro,* 714 F.2d 109, slip op. at 12–13 (1st Cir.1983).

### 3. *Counsel's failure to object to trial judge's mannerisms, move for a mistrial, or request judge to recuse self.*

█ Petitioner contends that he was denied effective assistance of counsel in that counsel tolerated, without comment, improper and prejudical remarks and mannerisms on the part of the trial judge. While petitioner's § 2255 petition does not set forth many details, his motion to recuse the trial judge from passing on his § 2255 petition does, and we will consider the allegations set forth therein as if incorporated by reference into the § 2255 petition.

Petitioner alleged, under penalty of perjury, that, during trial

"[t]he trial judge would look at the jury and make faces, shake his head in disbelief, look at the ceiling ... use obvious jesters and mannerisms whenever defense witnesses testified conveying the impression to the jury that the defense witness should not be believed. Yet whenever a government witness testified the trial judge would express a genuine interest and nod his head in approval looking directly at the witness then at the jury."

These allegations are uncontradicted and therefore, at this stage, must be accepted as true. If such pervasive nonverbal com-

---

**2.** Since this case must be remanded, we need not discuss the evidence enumerated in paragraphs 1A(1)(a), (b), (c), (f), (g), (h) of petition-

er's affidavit, but rather leave these matters for determination in the first instance below.

munication took place, counsel should have objected and called the matter to the judge's attention. *See Coleman v. De Minico,* 730 F.2d 42, 47 n. 5 (1st Cir.1984).

The government, relying on *Buckelew v. United States,* 575 F.2d 515 (5th Cir.1978), argues the allegations do not rise to the level of a constitutional violation cognizable in a § 2255 proceeding. We disagree. The conduct alleged in *Buckelew* was not as pervasive as that alleged here, and *Buckelew* does not foreclose entertaining petitioner's claim in a § 2255 proceeding.

At this preliminary pleading stage, we cannot say that no claim of ineffective assistance of counsel was stated with respect to counsel's failure to object to the alleged judicial misconduct, and thus it was error to summarily dismiss this aspect of the § 2255 petition.

### 4. *Statute of limitations.*

Petitioner contends counsel was ineffective in that he failed to notice that count 13 was barred by the statute of limitations. Count 13 referred to a mailing which occurred on or about October 26, 1976. This was within five years of June 26, 1981, the date petitioner was indicted, and hence count 13 was not barred by the statute of limitations. *See* 18 U.S.C. § 3282.

### 5 and 6. *Closing arguments.*

We have reviewed the closing arguments and see no basis for an ineffective assistance of counsel claim based either on the failure to object to the prosecution's argument or the content of the defense's closing argument.

### 7. *Counsel's failure to object to trial judge's effort to coerce a guilty plea.*

■ Petitioner alleged in his motion for recusal as follows:

"The Trial Judge, through his law clerk, indicated that in exchange for a guilty plea, the sentence would be one year. The Court later, after trial, sentenced the Petitioner to a three year term. This is clearly additional punishment deliberate-

ly inflicted for the purpose of denying Petitioner his right to a trial by jury." The trial judge's making of a plea offer, if it occurred, would appear to have violated Fed.R.Cr.P. 11(e)(1) ("the court shall not participate in any such [plea] discussions"), *see United States v. Adams,* 634 F.2d 830, 834–36 (5th Cir.1981) (judge's offer of a four year sentence in return for guilty plea violated Rule 11 and requires defendant, who was convicted after pleading not guilty, to be resentenced before another judge); *United States v. Werker,* 535 F.2d 198, 201 (2d Cir.), *cert. denied* sub nom *Santo-Figueroa v. United States,* 429 U.S. 926, 97 S.Ct. 330, 50 L.Ed.2d 296 (1976), and depending upon all the circumstances, conceivably could give rise to an appearance of vindictive sentencing. *See Longval v. Meachum,* 693 F.2d 236, 238 (1st Cir. 1982), *cert. denied,* 460 U.S. 1098, 103 S.Ct. 1799, 76 L.Ed.2d 364 (1983). Consequently, this claim should receive further attention on remand.

### 8. *Counsel's failure to object to court not having read the presentence report.*

■ At sentencing, counsel moved to correct factual inaccuracies in specific paragraphs of the pre-sentence report. The court indicated that in those cases which go to trial and the court hears all the evidence, it does not read the part of the presentence report setting forth the official version of the case. The court thus having indicated it would not rely on the alleged inaccuracies, counsel did not orally pursue the matter further. This procedure was acceptable and hence does not establish ineffective assistance of counsel.

### Ground 4. *Grand Jury Selection*

Petitioner contends the grand jury which indicted him was unconstitutionally selected in that lawyers, doctors, professionals, teachers and others of advanced education were systematically excluded. Further, he says, the percentage of blacks on the panel was less than the percentage of blacks in the population as a whole.

■ Objections to the composition of the grand jury are required to be filed prior to trial, Fed.R.Cr.P. 12(b)(2), and, absent cause and prejudice, cannot be challenged for the first time in a § 2255 motion. *Davis v. United States*, 411 U.S. 233, 242, 93 S.Ct. 1577, 1582, 36 L.Ed.2d 216 (1973). While petitioner does not explicitly so state, presumably he relies on ineffective assistance of counsel to excuse his procedural default and presumes prejudice is established.

Section 6(c) of the Plan for Random Selection of Jurors for the Federal District of Massachusetts finds as a fact that jury service by members of certain groups would entail undue hardship or extreme inconvenience to the members and permits such persons, *on individual request,* to be excused. Among the groups so treated are registered physicians, surgeons, dentists, pharmacists, and nurses actively engaged in the practice of such profession, teachers, and lawyers.

■ Given the lack of success challenges to similar jury selection plans have had, *see United States v. Van Scoy*, 654 F.2d 257, 262–63 (3d Cir.), *cert. denied*, 454 U.S. 1126, 102 S.Ct. 977, 71 L.Ed.2d 114 (1981); *United States v. Goodlow*, 597 F.2d 159 (9th Cir.), *cert. denied sub nom Wallace v. United States*, 442 U.S. 913, 99 S.Ct. 2830, 61 L.Ed.2d 280 (1979), we see no basis for an ineffective assistance of counsel claim to excuse petitioner's procedural default. Furthermore, had petitioner timely moved to dismiss the indictment under 28 U.S.C. § 1867 on the ground of improper jury selection, he would have been required to file a sworn statement of *facts* showing substantial failure to comply with 28 U.S.C. § 1861 et seq. before being entitled to an evidentiary hearing. No less should be required in a belated challenge under § 2255. *Cf., United States v. D'Alora*, 585 F.2d 16, 22 (1st Cir.1978) (constitutional challenge to jury panel did not comply with Jury Selection and Service Act and therefore was properly denied without a hearing). Hence, even were the untimeliness of the challenge to the grand jury to be excused, petitioner's petition failed to set forth sufficient facts to entitle him to an evidentiary hearing.

*Ground 5. Government's knowing presentation of perjured testimony to grand jury.*[3]

Petitioner alleges Postal Inspector McDonough gave perjured testimony to the grand jury. The drift of the inspector's initial testimony was that petitioner had been ordered by the courts and Attorney General's Office to stop doing business, but that petitioner, in defiance of the order, kept ordering merchandise and selling distributorships. In fact, while initially a temporary restraining order (TRO) had issued against petitioner prohibiting him from executing further distributorship contracts, the TRO was shortly later superseded by a stipulation for preliminary injunction which forbade certain practices such as false advertising but did not otherwise require petitioner to cease altogether all business activity. Thus, the inspector's initial testimony was inaccurate in that it overstated the preliminary injunctive order. Corrections, however, were later made, and a superseding indictment was returned. At that time, the grand jury was told that some of the information in the indictment was wrong in that petitioner had never been restrained totally from doing business, and the TRO and preliminary injunction were read to the grand jury.

■ It is true, as petitioner points out, that the TRO and preliminary injunction were public documents which the prosecution could have obtained at an earlier point and thereby prevented any misinfor-

---

**3.** Counsel representing the United States on appeal was not the prosecutor before the grand jury or in other proceedings below.

mation from being presented to the grand jury in the first place. The sanction, however, of dismissing an indictment after a defendant has been convicted of an offense is employed in only truly extreme cases of egregious prosecutorial misconduct. *United States v. Brown*, 602 F.2d 1073, 1077 (2d Cir.), *cert. denied*, 444 U.S. 952, 100 S.Ct. 427, 62 L.Ed.2d 323 (1979). Here, where corrections were made—even if not as forcefully as petitioner would have liked—we see no basis for dismissing the indictment.

The inspector also testified that some of petitioner's salesmen had been convicted of mail fraud. Petitioner indicates he does not know whether this testimony was false, but he maintains that regardless of its truth, it was irrelevant and prejudicial because unrelated to his case and should not have been presented to the grand jury. It is not apparent from the small transcript excerpt petitioner has presented how related or unrelated petitioner's and his salesmen's activities were, but in any event the short passage to which petitioner points is insufficient to warrant dismissal of the indictment.

Except with respect to three claims, the § 2255 petition was properly dismissed without a hearing. Consequently, the order dismissing petitioner's § 2255 petition is affirmed except with respect to ground 3, part 1 (failure to present favorable evidence), ground 3, part 3 (failure to object to judicial mannerisms), and ground 3, part 7 (failure to object to court effort to coerce a guilty plea). In all the circumstances, proceedings on remand relative, at least, to ground 3, parts 3 and 7 should be held before another judge. *Cf. Aeby v. United States*, 425 F.2d 717, 719 (5th Cir.1970) (allegations that trial judge made prejudicial remarks to be passed upon by another judge). In remanding we do not, of course, intimate an opinion regarding the merits of the allegations to be considered on remand.

*So ordered.*