Peter J. PORCARO, Plaintiff,
Appellant,

v.

UNITED STATES of America,
Defendant, Appellee.

No. 86–1889.

United States Court of Appeals,
First Circuit.

Submitted May 8, 1987.

Decided Oct. 1, 1987.

Peter Porcaro, pro se.

Frank L. McNamara, Jr., U.S. Atty. and Gary S. Katzmann, Asst. U.S. Atty., Boston, Mass., on brief for defendant, appellee.

Before CAMPBELL, Chief Judge, COFFIN and SELYA, Circuit Judges.

PER CURIAM.

Petitioner's 28 U.S.C. § 2255 petition was dismissed on its face. On appeal, we concluded that most of the petition had been properly dismissed, but that the petition and accompanying affidavit were minimally sufficient to state three particular claims and that hence further proceedings were required with respect to those three claims. Those claims were that petitioner had been denied the effective assistance of counsel by counsel's 1) refusal to call allegedly available and favorable witnesses, 2) failure to object to the trial judge's attempt to coerce a guilty plea, and 3) failure to object to the trial judge's improper and prejudicial mannerisms. On remand, the district court directed petitioner to obtain affidavits from persons who could substantiate his claims such as the allegedly favorable witnesses, persons who had been in the courtroom and observed the trial judge's mannerisms, and the law clerk or courtroom clerk who, according to petitioner, had conveyed the judge's messages with respect to the judge's alleged attempt to coerce a guilty plea. When petitioner failed to comply, the court dismissed the § 2255 petition, 641 F.Supp. 1375. Petitioner has once again appealed.

■ Petitioner first argues that in view of his lay status and the amount of legal work he was facing (in addition to the proceedings before the district court, petitioner also had an interlocutory appeal in this court and was filing a petition for certiorari in the Supreme Court with respect to the portion of this court's opinion which had affirmed the dismissal of the § 2255 petition), the district court did not grant him enough time to obtain affidavits.

We disagree. This court's opinion remanding the § 2255 petition for further proceedings issued on February 21, 1986. The opinion specifically indicated, with respect to petitioner's ineffective assistance claim predicated on failure to call satisfied customers, that an evidentiary hearing might not be necessary. We stated, "[T]he more expeditious course may be to require petitioner to obtain affidavits from the allegedly satisfied customers and other persons, *see* Rule 7 of the Rules Governing Section 2255 Proceedings in the United States District Courts, and then, depending upon the contents of the affidavits, to determine whether an evidentiary hearing is warranted." *Porcaro v. United States,* 784 F.2d 38, 41 (1st Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 320, 93 L.Ed.2d 293 (1986). Thus, petitioner was on notice as of late February 1986 that affidavits in support of his petition might well be required. At a hearing held on April 30, 1986, the district court made the matter explicit. The court went over with petitioner the persons he was to obtain affidavits from and gave him six weeks (until June 13, 1986) to file the affidavits.

A few days thereafter, the government provided petitioner with the names and addresses of the attorneys, court reporter, courtroom deputy clerk, and postal inspector who had been present during petitioner's trial. Petitioner then asked for names, addresses, and phone numbers of all persons listed in petitioner's indictment and any statements, FBI reports, interviews, or notes relating to those or other persons. By letter dated May 28, 1986, the government provided defendant with the names and addresses of the trial judge's law clerks at the time of trial, the names and last known addresses of the 33 victims listed in count 1 of petitioner's superseding indictment, the names and addresses of witnesses who testified at the trial but had not been listed in the indictment, and the investigative reports relating to various of petitioner's customers. Petitioner filed a motion to compel production of, among other things, all documents and information the government had provided trial counsel

and all correspondence between counsel and the government. On June 11, 1986, two days before his affidavits were due, petitioner moved for an extension until September 12, 1986 stating he was working full time, he had only received the information from the government on May 29, 1986, and his motion for production of documents had not yet been acted on. On June 13, 1986, the motion for production was denied on the ground petitioner was seeking matter beyond the scope of this court's mandate, and an extension of the due date for petitioner's affidavits was granted until July 7, 1986. The court warned that no further extensions would be granted.

On July 7, 1986, the government filed affidavits from petitioner's trial attorneys, the prosecutor, and other persons present during petitioner's trial. All reported not having observed the mannerisms petitioner had attributed to the trial judge. Additionally, the affidavits from trial counsel detailed the work done in preparing for trial and their unsuccessful attempt to find any satisfied customer who had made a profit. Petitioner filed nothing in support of any of his claims. On August 11, 1986, the court dismissed the petition.

■ Petitioner's various excuses—e.g., that he believed that while his interlocutory appeal and various requests for more time, for discovery, for postponements, etc. were pending he would receive an "automatic stay or extension"; that he was working on other matters—are unavailing. The belief was unwarranted to begin with, cf. *Lefkowitz v. Fair*, 816 F.2d 17, 21–22 (1st Cir. 1987), and the district court specifically warned him in a June 13, 1986 order that no extension would be granted past July 7, 1986.

■ Petitioner also complains that it was unrealistic to direct him to obtain affidavits from his attorneys or court personnel incriminating either themselves or the trial judge. Unrealistic or not, as the court told petitioner, the burden of proof was upon petitioner. As the court further explained to petitioner, before convening an evidentiary hearing, the court wanted a firm indication that petitioner was likely to have

sufficient admissible evidence to prove his claims. One way for petitioner to show this was through affidavits.

■ With respect to the alleged favorable customer or other witness testimony, petitioner says that while some witnesses no longer can be located, others could be but will not take the time to prepare an affidavit; the only way he could secure their favorable testimony would be by subpoenaing them. If that were the case, petitioner, at a minimum, should have done the following. He should have contacted the witnesses (by telephone, for example), asked them to file an affidavit, and, if they refused but indicated they could provide useful information if subpoenaed, petitioner should have stated in an affidavit the details of both their refusal and the information they had indicated they could furnish.

■ There is no merit in petitioner's argument that he had insufficient warning his petition would be dismissed if he did not supplement the record. The court outlined to petitioner at the April 30, 1986 hearing what petitioner needed to do before an evidentiary hearing would be held. The court warned petitioner he could not simply resubmit wholesale all the materials he had formerly presented in support of both the claims this court ruled had properly been dismissed and the three that were remanded for further proceedings, but rather was required to separate out the relevant matter and put it into focus and obtain affidavits from, among others, satisfied customers.

■ Nor was there any unfairness of error in denying petitioner's discovery request. The government had provided petitioner with much information, yet petitioner had produced nothing to substantiate his claims. How petitioner's broad ranging discovery request might reasonably lead to relevant material where the other leads had not, was not explained or apparent.

This is not a case where petitioner secured some affidavits from some witnesses substantiating at least in part his claims but simply was unable to complete his en-

tire task within the allotted time. Had that been the case and had the district court been shown evidence of some progress, perhaps we would view the deadlines differently. Rather, despite the passage of almost six months from the issuance of our opinion alerting petitioner to the likelihood that affidavits would be required and three and a half months since the district court had specifically ordered affidavits, petitioner produced nothing additional. Although more than a month passed between the filing of the government's affidavits and the dismissal of the case by the district court, petitioner did not controvert any of the affidavits.[1] Hence, we reject petitioner's claim that he had insufficient time to comply with the court's directive.

We turn then to petitioner's argument that there was adequate record material to require a trial. We address the argument with respect to each of petitioner's three claims. We reiterate that as petitioner never obeyed the court's instructions to separate out and resubmit only those materials relevant to the three claims before the court, the record consists of petitioner's original affidavit in support of his § 2255 petition, his verified motion to recuse the trial judge, and the affidavits and other materials submitted by the government.

1. *Ineffective Assistance of Counsel— Failure to Produce Available Favorable Evidence.*

■ As the Advisory Committee Note to Rule 7 of the Rules Governing § 2254 and § 2255 Proceedings explains, the purpose of authorizing a district court to require affidavits in support of habeas petitions is to avoid the expense of an unnecessary evidentiary hearing. An evidentiary hearing is unnecessary where a petitioner lacks sufficient evidence to establish his claims. One essential step in establishing his inef-

fective assistance of counsel claim was to show that indeed there was *material* favorable evidence that counsel failed to uncover or use. As the district court told defendant, he could not simply talk his way through his claims. Rather, competent evidence was needed. In the case of satisfied customer evidence, competent evidence would be the statements of the customers themselves, and not petitioner's statements of what he thinks the customers would say.

■ Rule 7 was properly employed here. There would be no benefit to petitioner in convening an evidentiary hearing if the allegedly favorable witnesses would not testify in petitioner's favor. And the way to find out what their testimony likely would be was to obtain statements from them. Petitioner failed to do this.[2] For the reasons stated at length by the district court, the fragmentary documentary evidence in the record before the district court failed to present a triable issue that counsel's investigation or presentation of evidence fell below an objective standard of reasonableness and constituted ineffective assistance. Petitioner's arguments to the contrary depend upon his inflated interpretation of exhibits submitted to this court— exhibits which the petitioner, though ordered to do so, had not segregated out and presented to the district court in an intelligible fashion. These exhibits are intermixed here with assertions which petitioner (impermissibly) raises for the first time in his appellate brief. Petitioner may not present to this court materials he failed properly to present to the district court.

Petitioner argues the government affidavits are not properly part of the record and that his claim was improperly resolved on the basis of conflicting affidavits. Petitioner is wrong. The procedure employed was similar to a motion for summary judgment.

---

1. If petitioner did not receive the government's affidavits, filed on July 7, 1986, until August 16, 1986 as he claims in his brief and if he had a proper (e.g., non hearsay) response to submit to them, he should have so informed the district court. His complaints now come too late.

2. Petitioner refers to affidavits filed by Fred Clark and Alvin Strong originally submitted by petitioner in earlier proceedings. These affida-

vits are not unequivocally favorable to petitioner (Clark lost money; Strong said co-defendant Grenga implied things were better than they were), and, in any event, they did testify at petitioner's trial. If petitioner is contending that the evidence against him was insufficient to convict, that is outside the scope of the present proceeding.

*See* Fed.R.Civ.P. 56. Credibility issues were not resolved on the basis of conflicting affidavits. Rather, petitioner failed properly to show that there were any genuine issues of material fact with respect to his ineffective assistance/failure to present favorable evidence claim.

*2. Ineffective assistance—failure to object to trial court's effort to coerce a guilty plea.*

■■■ Petitioner's sworn motion to recuse the trial judge from passing on his § 2255 petition stated as follows:

"The trial judge, through his law clerk, indicated that in exchange for a guilty plea, the sentence would be one year. The Court later, after trial, sentenced the Petitioner to a three year term. This is clearly additional punishment deliberately inflicted for the purpose of denying Petitioner his right to a trial by jury."

At the April 30, 1986 hearing at which the court instructed petitioner to substantiate his allegations, petitioner indicated that it was probably not the law clerk but rather the courtroom clerk who made the statements.

The government filed affidavits from both the law clerk and the courtroom clerk who said they never discussed possible sentences with petitioner or his counsel or said that he would receive a one year sentence were he to plead guilty. Petitioner filed nothing in response.

■■■ In view of petitioner's failure to respond, we think the district court was justified in denying petitioner an evidentiary hearing on this claim. In light of the government's affidavits, petitioner failed adequately to present an issue for trial. *Cf.* Fed.R.Civ.P. 56(e). Petitioner's original allegations were vague and conclusory. He had stated that an unnamed law clerk had "indicated" petitioner would receive a one year sentence in exchange for a guilty plea. He did not physically describe the clerk (so that he or she might be identified) or state when during the trial the exchange supposedly occurred. More importantly,

he did not recount, to the best of his memory, the words actually used so that it might be determined whether petitioner's subjective characterization of the conversation was justified, or, for that matter, even expressly state in a sworn writing that he was a party to the conversation. Nor did he say whether counsel was present or had been informed of the offer. And, in view of petitioner's equivocal retraction at the April 30, 1986 hearing, it was not even clear who supposedly conveyed the judge's alleged offer.[3]

Petitioner had passed the initial pleading stage. He had been given an opportunity to clarify his allegations so that the district court might determine whether a hearing was required. Having made grave charges against the judge, it was time—and past time—to back them up. He failed to do so and must take the consequences.

*3. Ineffective assistance of counsel—failure to object to trial judge's allegedly improper and prejudicial mannerisms.*

■■■ As we stated in our earlier opinion, if indeed the trial judge did engage in the pervasive nonverbal conduct alleged in petitioner's motion to recuse the trial judge, trial counsel should have objected to it. *Porcaro v. United States,* 784 F.2d 38, 41–42 (1st Cir.1986). Hence, the central question is whether the trial judge did what petitioner says.

The record, as it stood when the district court dismissed the § 2255 petition, was as follows. On the one side was petitioner's sworn motion to recuse the trial judge, which we take as an affidavit, stating as follows:

"The trial judge would look at the jury and make faces, shake his head in disbelief, look at the ceiling, spin in his chair, use obvious jesters [sic] and mannerisms whenever defense witnesses testified conveying the impression to the jury that the defense witness should not be believed. Yet whenever a government witness testified the trial judge would ex-

---

**3.** While petitioner has clarified his allegations in his appellate brief, the clarification comes too late, is not sworn, and will not be considered by

this court. Nor does the transcript excerpt petitioner relies on support an inference of impropriety.

press a genuine interest and nod his head in approval looking directly at the witness then at the jury."

On the other side were five affidavits filed by the government from persons (the prosecutor, defense counsel, the trial judge's courtroom clerk and a postal inspector, present throughout much or all of petitioner's trial) stating they had not observed any such mannerisms.

During the lengthy period following remand, petitioner did nothing to add either corroboration or specificity. Conceding that other witnesses might be hostile and that petitioner himself was a witness whose testimony ordinarily would at least create an issue of fact; *Miller v. United States*, 564 F.2d 103, 105–106 (1st Cir.1977), we are left only with the original motion of recusal which we quoted at 784 F.2d at 41. This alleges generally the making of faces and unspecified gestures adverse to the defense and favorable to prosecution witnesses.

As the district court noted, "Petitioner has not even expanded on his own allegations filed before the First Circuit decision...." 641 F.Supp. at 1388. That petitioner could have said more, much more, is clear from his brief on appeal when he devotes four pages to details and transcript references. Under the circumstances, if petitioner did not effectively fail to prosecute this claim, he at least did nothing to lift it above a level of generality we have attempted to discourage. As we have said,

> Our approach has been to take the movant's allegations "as true, except to the extent that they are contradicted by the record or are inherently incredible, and to the extent that they are merely conclusions rather than statements of fact."
> *Otero-Rivera v. United States*, 494 F.2d 900, 902 (1st Cir.1974), *quoting Domenica v. United States*, 292 F.2d 483, 484 (1st Cir.1961).

*DeVincent v. United States*, 602 F.2d 1006, 1009 (1st Cir.1979).

*Affirmed.*