923 F.2d 839
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Dale Scott HUNNEWELL, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 90-1649.
 United States Court of Appeals, First Circuit.
 Nov. 9, 1990.
 
 Appeal from the United States District Court for the District of Maine; Gene Carter, District Judge.
 Dale Scott Hunnewell, on motions pro se.
 D.Me.
 AFFIRMED.
 Before LEVIN H. CAMPBELL, TORRUELLA and SELYA, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dale S. Hunnewell, pro se, has appealed the denial of a petition for relief under 28 U.S.C. Sec. 2255, Hunnewell v. United States, 738 F.Supp. 582 (D.Me.1990). We affirm for substantially the reasons stated in that opinion adding the following comments.
 
 
 2
 The Sec. 2255 grounds are stated in conclusory fashion even though Hunnewell was on notice from our opinion in his direct appeal that more than speculative assertions of ineffective assistance must be proffered. Hunnewell made no attempt in his Sec. 2255 motion to develop a basis for his claims, i.e., obtain affidavits from the allegedly favorable witnesses that his trial lawyer had failed to locate, or otherwise point to any material factual dispute that would require an evidentiary hearing. Given another opportunity to present a counter-affidavit, or argument that trial counsel's actions were unreasonable and unsound, Hunnewell's reply to the government's answer, while requesting the need for assistance of counsel, failed totally to dispute any of the government's statements. See Porcaro v. United States, 832 F.2d 208, 212 (1st Cir.1987). Granted, at this stage, the government had only made an offer of proof; nonetheless, Hunnewell was obliged to come up with some modicum of "contrary proof indicating that there is a genuine issue of fact to be resolved * * * or explain his inability to provide such proof." Blackledge v. Allison, 431 U.S. 63, 80-81 (1977). The district court properly made the assessment that the proposed affidavit of trial counsel along with Hunnewell's reply, did not raise any genuine issue of fact which required a hearing to resolve. Rule 8(a) of Sec. 2255 Rules. This was entirely appropriate. Porcaro, 832 F.2d at 210. While an affidavit of counsel such as that proposed here by the government could not be used to decide a material issue of fact against the petitioner at this stage, United States v. Butt, 731 F.2d 75, 77-78 (1st Cir.1984); Bender v. United States, 387 F.2d 628, 630 (1st Cir.1967), it can assist in determining whether or not there is a genuine issue of fact to resolve. Miller v. United States, 564 F.2d 103, 106 (1st Cir.1977). In all, Hunnewell had three opportunities to indicate by specific factual allegations that sufficient evidence existed to establish his ineffective assistance of counsel claims. This he did not do.
 
 
 3
 With respect to the search and seizure claims, search warrants go to items sought in connection with a particular location, and "may be issued on a complaint which does not identify any particular person as the likely offender. * * * [and] need not identify the person in charge of the premises or name the person in possession or any other person as the offender." Zurcher v. Stanford Daily, 436 U.S. 547, 556-57 n. 6 (1978) (attribution omitted). Clearly the naming of Marion Hunnewell in the warrant was for purposes of identifying or describing with particularity the place to be searched. In this case, the initial entry into the enclosed porch, to secure the premises to prevent the destruction of contraband, was based on reasonable cause under Segura v. United States, 468 U.S. 796, 810, and was not illegal. Similarly, as the district court found, there was abundant probable cause, as a result of the controlled buy, to believe that the "things" related to the alleged crime were located on the property secured. Zurcher, 436 U.S. at 556. Since "as a constitutional matter [search warrants] need not even name the person from whom the things will be seized", id. at 555, no Fourth Amendment abuse is presented by Hunnewell's search and seizure complaints.
 
 
 4
 Consequently, as the district court found, there was no prejudice in trial counsel's failure to move to suppress based on Hunnewell's complaints here of illegal entry or illegal execution of the search warrant.
 
 
 5
 With respect to the second ineffective assistance of counsel (IAC) ground, conflict of interest, or more properly, dual representation, Hunnewell does not claim that the alleged conflict adversely affected his lawyer's performance. Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). More to the point, Hunnewell's conclusory allegations in this regard fail to establish any constitutional predicate for this IAC claim. Cuyler, 446 U.S. at 350. His only claim of prejudice is the alleged resultant inability to make a deal with the government, which, as the district court notes, would not constitute a denial of a constitutional right.
 
 
 6
 The third IAC claim, counsel's failure to object to certain evidence or comments, was properly resolved on the basis our first review of Hunnewell's defaulted claims under the plain error standard. These are the same IAC errors set out in Hunnewell's brief on direct appeal. Our prior consideration precludes further review. Tracey v. United States, 739 F.2d 679, 682 (1st Cir.1984). Having previously found no fundamental unfairness in the trial proceedings, United States v. Hunnewell, 891 F.2d 955, 956-57 (1st Cir.1989), citing United States v. Young, 470 U.S. 1, 16 (1985), alleged IAC errors premised on the same bases cannot now be said to have prejudiced the outcome of the trial in any way. Strickland v. Washington, 466 U.S. 668, 691-96 (1984); see also United States v. Sherwood, 770 F.2d 650, 655 (7th Cir.1985).
 
 
 7
 The final IAC claim, that putative witnesses were not located by counsel, is particularly weak and completely speculative. The district court correctly dismissed it as conclusory.
 
 
 8
 The motions for appointment of counsel and a trial transcript are denied.
 
 
 9
 AFFIRMED.