978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Cephus Donald DYER, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-1808.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 5, 1992.
Filed: October 27, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Cephus Donald Dyer, a federal prisoner, appeals from the district court's[1] denial of his 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 Dyer, his wife Blanche, and Joni Kay Lewis were indicted on charges of conspiring to distribute cocaine and heroin, using communication facilities to further the conspiracy by wiring money from Iowa banks to Dyer's account in California to pay for drug transactions, and using communications facilities to arrange drug deals. A jury convicted Dyer of one count of conspiring to distribute heroin and cocaine, three counts of using communication facilities in furtherance of the conspiracy, and one count of possessing eight ounces of cocaine with intent to distribute it. The court sentenced Dyer to 230 months on the conspiracy count and to concurrent 48-month terms on the other four counts. Dyer appealed the convictions and sentences. We affirmed. United States v. Dyer, 910 F.2d 530 (8th Cir.), cert. denied, 111 S. Ct. 276 (1990).
 
 
 3
 Dyer then brought this section 2255 motion, alleging that (1) trial counsel provided ineffective assistance by failing to call or interview potential defense witnesses, by failing to subpoena his California bank records, and by failing to object to improper rebuttal testimony; (2) he was singled out for federal prosecution because he is black; (3) the prosecutor made prejudicial remarks about money-laundering in closing argument which violated Dyer's right to due process and to which counsel did not object; and (4) the district court erred by failing to insure that closing arguments were recorded as required by 28 U.S.C. § 753.
 
 
 4
 Dyer subsequently amended his motion to include a challenge to the accuracy of a statement in the presentence report (PSR) regarding his possession of a weapon during and in relation to the drug trafficking offenses and moved for recusal of the district court based on actions the court allegedly had taken during the trial. The district court denied the motion for recusal, appointed counsel to represent Dyer, granted counsel leave to amend the motion, and ordered the government to respond. Following the government's response and after hearing argument from both sides, the court denied the motion. The court did, however, agree with Dyer that the PSR incorrectly stated that he had possessed a firearm during the offense, and ordered that a copy of the sentencing transcript, in which the court corrected the error, be appended to the PSR.
 
 
 5
 On appeal, Dyer argues that the district court erred by (1) rejecting his ineffective-assistance claim; (2) failing to hold an evidentiary hearing to resolve the factual dispute over counsel's investigation into potential witnesses and bank records; (3) concluding that Dyer had failed to establish a selective prosecution claim; and (4) ruling that the prosecutor did not make improper comments during closing argument.
 
 
 6
 To prevail on his ineffective-assistance claim, Dyer must show that his counsel performed deficiently and that counsel's deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Strickland defines prejudice as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The district court correctly concluded that Dyer did not establish prejudice from counsel's allegedly deficient performance because he has provided no independent evidence of what the witnesses or bank records would have proven. See Sanders v. Trickey, 875 F.2d 205, 210-11 (8th Cir.) (habeas petitioner's failure to provide affidavits from witnesses regarding potential testimony precluded finding of prejudice), cert. denied, 493 U.S. 898 (1989). Likewise, assuming counsel performed deficiently by not objecting to the allegedly improper rebuttal testimony, it is not reasonably probable that, had a proper objection been made and the testimony excluded, the result of Dyer's trial would have been different. See Strickland, 466 U.S. at 694.
 
 
 7
 In view of Dyer's failure to provide any independent evidence of what the witnesses' testimony would have been or what the bank records would have shown, the district court did not abuse its discretion by denying the motion without holding an evidentiary hearing. See Porcaro v. United States, 832 F.2d 208, 212-13 (1st Cir. 1987) (per curiam).[2] Regarding the allegation of selective prosecution, the district court correctly observed that Dyer waived his right to raise this claim by failing to assert it before trial. See United States v. Schmidt, 935 F.2d 1440, 1450 (4th Cir. 1991). We also note that the record does not support the allegation. Finally, assuming the prosecutor's statement-that Dyer's purchase of a Jaguar was a good way to launder drug money-was improper, it was not so offensive as to deprive Dyer of a fair trial. See United States v. Hernandez, 779 F.2d 456, 460 (8th Cir. 1985). This conclusion also undercuts Dyer's claim that he was prejudiced in his direct appeal by the district court's failure to have final arguments transcribed.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa
 
 
 [2]
 The material Dyer submitted in support of his motion to expand the record does not alter our conclusion