7 F.3d 218
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Noel O'MURCHU, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent.
 No. 92-2327.
 United States Court of Appeals,
First Circuit.
 September 27, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Noel O'Murchu on brief pro se.
 A. John Pappalardo, United States Attorney, and Tobin N. Harvey, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Noel O'Murchu was convicted of conspiring to export arms to Northern Ireland without a license, conspiring to violate the domestic firearms laws, and unlawful dealing in firearms. His convictions were affirmed on direct appeal. See United States v. Murphy, 852 F.2d 1 (1st Cir. 1988), cert. denied, 489 U.S. 1022 (1989). Thereafter, O'Murchu filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, raising a host of claims. This court vacated the district court's summary dismissal of two of those claims and remanded them to a different district judge for further factual development. See Murchu v. United States, 926 F.2d 50, 56-59 (1st Cir.), cert. denied, 112 S. Ct. 99 (1991). The remanded claims alleged that: (1) the trial judge violated Fed. R. Crim P. 11(e) by attempting to coerce O'Murchu into pleading guilty, and (2) O'Murchu's defense attorney rendered him ineffective assistance by failing to object to the trial judge's alleged misconduct both at trial and on O'Murchu's direct appeal.
 
 
 2
 On remand, O'Murchu and the government submitted additional affidavits on the judicial misconduct claim. The district court conducted a partial evidentiary hearing. O'Murchu was also permitted to take the depositions of the trial attorneys who allegedly witnessed the judge's impropriety. After surveying the evidence, the district court concluded that O'Murchu's judicial misconduct claim was wholly lacking in supporting facts and that his ineffective assistance claim was consequently groundless. The court dismissed both claims. O'Murchu again appeals. We affirm.
 
 
 3
 The evidence developed on remand makes clear that O'Murchu's judicial misconduct claim arises from the events that occurred following the close of the second day of O'Murchu's trial. O'Murchu averred that he heard the trial judge instruct counsel not to leave the courtroom that day as there was a matter he wished to discuss with them. Thirty minutes later, O'Murchu and his co-defendant (Hughes) met together with their respective attorneys in the marshall's cellblock. O'Murchu swore that his attorney (McGinty) then told him that, "Robert (or Bob) and I just left a discussion with Judge Mazzone where he indicated that you would not receive more than five years for a guilty plea." O'Murchu further averred that Hughes's attorney, Robert Canty, told Hughes that, "Judge Mazzone said that he would sentence you to not more than four years for a guilty plea." O'Murchu and McGinty then proceeded to discuss an entrapment defense. O'Murchu maintained that he would not plead guilty because, in his view, he had been entrapped by the F.B.I.
 
 
 4
 The three attorneys who allegedly witnessed the trial judge make the aforementioned statements described a significantly different chain of events. The prosecutor (Stearns) testified that the only discussion of a plea involving the trial judge occurred at a scheduling conference before the trial began. The judge simply asked whether the case could be resolved. Counsel informed the judge that it could not in view of O'Murchu's determination to proceed with trial. Stearns maintained that there was no further discussion of a possible plea with the trial judge. (Tr. 3).[1]
 
 
 5
 All counsel acknowledged that the trial judge engaged in a discussion with them at the close of the second day of trial. According to attorney McGinty, the discussion was "terse" and "focused" on the defendants' entrapment defense. McGinty had little present recollection of the discussion. However, his notes of the events of that day, which were made shortly after the events occurred, indicated that the judge made it clear that the evidence thus far did not warrant an entrapment instruction. The judge emphasized that the defendants had better be aware of this. After this discussion, which McGinty placed in chambers, counsel proceeded to the hallway. There, outside the presence of the trial judge, Stearns indicated that he would recommend five years for O'Murchu and four years for his codefendant if there was a plea at that point. (Tr. 44-45). McGinty indicated that the plea discussion with Stearns happened in the trial judge's absence, for had the case been otherwise, (i.e., had the trial judge been present and endorsed the government's recommendation), McGinty would have made a note of it. (Tr. 50-52). McGinty had no recollection of telling O'Murchu that the judge would not give him more than five years for a guilty plea. (Tr. 48). Rather, McGinty testified that he would have told O'Murchu that it was the trial judge's frequent policy not to exceed a government recommendation, and as the government recommendation was five years, one could generally be secure that one would not face more than that upon pleading guilty. (Tr. 68-69). McGinty flatly denied telling O'Murchu that the trial judge had participated in a plea discussion. (Tr. 68).
 
 
 6
 Attorneys Stearns and Canty generally corroborated McGinty's version of the events of the second day of trial.[2]
 
 
 7
 Canty emphatically testified that there were no plea negotiations with the trial judge in his presence at any time. (Tr. 13). He specifically recalled that the five year and four year terms that Stearns had offered were never uttered in the trial judge's presence. (Tr. 42). Stearns agreed that the plea discussion occurred after the attorneys had left the judge's lobby. (Tr. 37).
 
 
 8
 In short, the only witnesses to the judge's alleged efforts to coerce a guilty plea affirmed that the plea discussion occurred solely among counsel and outside the presence of the trial judge. This is a far cry from the quid pro quo O'Murchu posited in his allegations. Indeed, O'Murchu's claim appears to have been based on rife speculation that stands conclusively refuted.[3]
 
 
 9
 "An evidentiary hearing is unnecessary where a petitioner lacks sufficient evidence to establish his claims." Porcaro v. United States, 832 F.2d 208, 212 (1st Cir. 1987)(per curiam). The proceedings on remand have shown that O'Murchu's judicial misconduct and ineffective assistance claims are groundless. Accordingly, the judgment of the district court is affirmed.[4]
 
 
 
 [1]
 Attorney Canty recalled that this pretrial scheduling conference occurred in the judge's chambers. He emphasized that the purpose of this conference was to establish a trial date and the number of days needed for trial. Canty maintained that this conference, "was not a plea negotiation involving the court." (Tr. 5-9)
 
 
 [2]
 However, Canty recalled that the discussion with the trial judge occurred at sidebar, not in chambers, and that the ensuing discussion with Stearns occurred at the back of the courtroom, as opposed to in the hallway
 
 
 [3]
 On appeal, O'Murchu argues that the pretrial scheduling conference which Stearns and Canty described actually occurred on the third day of trial. O'Murchu says that we should infer this because the trial judge was trying to ascertain whether his attempt to coerce O'Murchu into pleading guilty on the previous day had been successful. No rational decisionmaker could adopt such a view of the evidence. O'Murchu has wholly failed to prove that the judge attempted to coerce him. Moreover, both Canty and Stearns were quite clear that the scheduling conference occurred before the trial began
 
 
 [4]
 O'Murchu's motions for oral argument are denied. His motion for an order concerning his deportation is hereby rendered moot