UNITED STATES of America, Appellee,

v.

Mohammed Y. BUTT, Defendant, Appellant.

No. 83–1240.

United States Court of Appeals, First Circuit.

Submitted Sept. 16, 1983.

Decided March 30, 1984.

Mohammed Y. Butt, pro se.

Jose A. Quiles, Acting U.S. Atty., Hato Rey, P.R. and Charles E. Fitzwilliam, Asst. U.S. Atty., San Juan, P.R., on brief for appellee.

Before CAMPBELL, Chief Judge, COFFIN and BREYER, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

■■■■ Mohammed Y. Butt appeals the denial of his pro se motion, under 28 U.S.C. § 2255, to vacate the sentence imposed after he entered a guilty plea. The motion challenged the competency of his retained counsel and alleged a violation of the plea bargain. The government answered, inter alia, that petitioner's prior post-conviction motions to reduce sentence, under Fed.R. Crim.P. 35, stated identical grounds and had been denied.[1] Without holding an evi-

---

1. It is settled that a § 2255 motion may not revive issues previously determined on direct appeal, *Dirring v. United States*, 370 F.2d 862, 864 (1st Cir.1967). However, a denial of these post-conviction motions, based solely on the

oral and written unsworn statements of defense counsel and the government, cannot be considered an adjudication on the merits, *Sanders v. United States*, 373 U.S. 1, 16, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963). We therefore find

dentiary hearing, the district court entered a summary denial of Butt's § 2255 motion. We affirm.

## I.

In March, 1981, the appellant, a Canadian, was arrested at the International Airport in Puerto Rico after his briefcase was found to contain cocaine. He was subsequently indicted under 21 U.S.C. § 841(a)(1) for possession with intent to distribute, and under 21 U.S.C. § 952 for unlawful importation of cocaine. After an initial plea of not guilty to both counts, Butt executed, and his attorney, Saul Duprey, certified a "Petition to Enter a Plea of Guilty," (hereinafter, "Plea Petition"), a printed form in which Butt pleaded guilty to Count One. At the concurrent change of plea proceeding, the Court actively questioned the appellant, the defense attorney and the government regarding the plea bargain. The government disclosed its agreement to drop Count Two and recommend a three and one half year sentence and two thousand dollar fine. In June, 1981, Butt was sentenced to an eight year term and fined two thousand dollars. A statutorily mandated three year special parole term was also imposed. The sentence was well inside the statutory maximum.

In September, 1981, Butt filed a pro se motion under Fed.R.Crim.P. 35 to reduce sentence, charging inadequate assistance of counsel and plea bargain violations. In October, 1981, Attorney Duprey, filed a second Rule 35 motion to reduce the sentence. The district court ordered both the government and Duprey to respond to the pro se motion, and in December, 1981, held a hearing on both motions.[2] The defendant was not present. On February 2, 1982 the district court denied the motions and found Butt's allegations frivolous. The § 2255

motion, filed February 25, 1982, was denied on February 18, 1983.

## II.

A § 2255 motion which is facially inadequate may be summarily denied, i.e., motions stating nonconstitutional grounds, contentions which are "wholly incredible," or cognizable claims stating conclusions without specific and detailed supporting facts. *Machibroda v. United States*, 368 U.S. 487, 495–96, 82 S.Ct. 510, 514–515, 7 L.Ed.2d 473 (1962); *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir.1974). Facially adequate § 2255 claims may be summarily denied when the record conclusively contradicts them. *Domenica v. United States*, 292 F.2d 483, 484 (1st Cir.1961); Rule 4(b), Rules Governing § 2255 Proceedings (§ 2255 Rules). Thus, presumptively adequate supporting factual allegations may prove untrue when the record is examined, or the record may reveal a course of conduct which warrants concluding that the petitioner's allegations are "patently frivolous or false," *United States v. Cermark*, 622 F.2d 1049, 1054 (1st Cir.1980). See *Blackledge v. Allison*, 431 U.S. 63, 78 n. 15, 97 S.Ct. 1621, 1631, 52 L.Ed.2d 136 (1977).

The district court may also make "its preliminary assessment on the motion's merits [based] on an expanded record that may include, 'in an appropriate case, even affidavits.'" *Miller v. United States*, 564 F.2d 103, 105 (1st Cir.1977), *cert. denied*, 435 U.S. 931, 98 S.Ct. 1504, 55 L.Ed.2d 528 (1978) (quoting *Raines v. United States*, 423 F.2d 526, 530 (4th Cir.1970)). However, material issues of fact may not be resolved against the petitioner solely by relying on *ex parte*, sworn or unsworn, statements of the government, *Miller v.*

no merit in the government's contention that the appellant's § 2255 claims were foreclosed, even though these claims had been raised before.

**2.** The government's answer set out the plea agreement and stated that the offer was accepted by Butt through counsel, and that the government was unaware of any statements counsel

may or may not have made to the defendant. Attorney Duprey answered that he conveyed the government's plea bargain agreement to the defendant and made no other assurances to him. The district court, at the hearing, made a finding that "improper conduct of counsel is not established by the allegation."

*United States*, 564 F.2d at 106; *United States v. Underwood*, 577 F.2d 157, 159 (1st Cir.1978), or defense counsel, *United States v. Pallotta*, 433 F.2d 594, 595 (1st Cir.1970); *Bender v. United States*, 387 F.2d 628, 630 (1st Cir.1967) (allegations of extra-record misrepresentations not disproven by attorney's affidavit).

An evidentiary hearing is required if the records and files in the case, or an expanded record, cannot conclusively resolve substantial issues of material fact, "and when the allegations made, if true, would require relief." *United States v. Fournier*, 594 F.2d 276, 279 (1st Cir.1979); *DeVincent v. United States*, 602 F.2d 1006, 1009 (1st Cir.1979); Rule 8(a), § 2255 Rules. *Cf. United States v. Crooker*, 729 F.2d 889 (1st Cir.1984) (motion under Fed.R.Crim.P. 32(d)).

### III.

■ District Judge Pieras was assigned this case in September, 1982 after the death of Judge Pesquera, who had heard and decided all the prior proceedings. Judge Pieras entered a summary dismissal of the § 2255 motion, without explanation, findings or conclusions of law. After having reviewed the record, we find no error in the final determination. The basis of the denial of a § 2255 motion should, however, have been made clear on the record by the district court. *United States v. Fournier*, 594 F.2d 276, 279 (1st Cir.1979); *Dario Sanchez v. United States*, 256 F.2d 73, 76 (1st Cir.1958); *see generally, Horizon's Titanium Corp. v. Norton Co.*, 290 F.2d 421, 424 (1st Cir.1961).

■ Judge Pesquera, who presided over the change-of-plea, sentencing and post-conviction hearings, had ordered the government to respond to appellant's § 2255 motion. That answer recommended a dismissal without an evidentiary hearing and argued that Butt's "Plea Petition," the Fed.R.Crim.P. 11 hearing transcript, the post-conviction Rule 35 motions and responses, and the denial of those motions, were dispositive of the § 2255 motion. The government supplemented its § 2255 answer initially with a transcript of the hearing on the Rule 35 motions, and later, pursuant to this court's request, Fed.R.App.P. 10(e), supplied the transcript of the Rule 11 change-of-plea proceeding.

We treat these transcripts and the pre-§ 2255 motions and appended letters to Judge Pesquera as part of the record, Rule 7, § 2255 Rules, "from which [we] review [Butt's] claim[s] and determine realistically whether there is any ground on which [he] could prevail." *United States v. Cermark*, 622 F.2d 1049, 1051 (1st Cir.1980).

### IV.

■ Butt's § 2255 motion sets out two inter-related grounds for relief. First, he asserts that his counsel misled him by assuring him that the judge had agreed to the plea bargain. Second, he alleges that, since he did not receive the sentence he had agreed to, the government violated the plea bargain.

Because misrepresentations of fact by an attorney in a plea bargaining context may induce a client to enter a plea of guilty, "this charge is more serious than a mere technical violation of the requirements of Rule 11." *Marquis v. United States*, 698 F.2d 13, 16 (1st Cir.1983). We, therefore, closely scrutinize Butt's claims. *McAleney v. United States*, 539 F.2d 282 (1st Cir. 1976).

■ In order to state a claim of ineffective representation, the petitioner's allegations must clearly indicate the nature of defense attorney's prejudicial conduct. *United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir.1978). Here, Butt's claim that his attorney informed him that the judge was a party to the plea bargain, if proved, would demonstrate his attorney's ineffective assistance. For his § 2255 petition to succeed, however, Butt would also have to show that he relied on that misinformation in entering his plea.

■ In contrast to the allegation of reliance in Butt's § 2255 motion are the statements and declarations .contained in

the "Plea Petition" and the transcript of the change-of-plea proceeding. These documents, because they are contemporaneous with the entering of the change of plea, are highly relevant and competent evidence of the nature and extent of the plea bargain. The "Plea Petition," executed by Butt and filed the same day the plea of guilty was entered, contains these answers:

# 22 Q: Do you know that the sentence you will receive is solely a matter for the judge to decide?
A: Yes

# 29 Q: Has any plea agreement been made by you with anybody which causes you to plead GUILTY?
A: Yes; Government is going to dropped [sic] Count number two, but that do [sic] not cause me to plead guilty.

# 30 Q: Has any promise been made by anyone which causes you to plead GUILTY, aside from the promise, if any, set out in your answer to question 29?
A: No

# 31 Q: Has anyone suggested that you will receive a lighter sentence if you plead GUILTY?
A: No

# 41 Q: Has your attorney gone over all these questions and your answers to them?
A: Yes

The defendant signed the "Plea Petition" in the presence of his attorney who, in an accompanying "certificate of counsel," stated that "to the best of my knowledge and belief" the defendant's declarations in the petition are "true and accurate," and that the plea of guilty is "voluntarily and understandingly made." At the Rule 11 hearing, defendant's attorney confirmed the plea agreement presented by the government.

The transcript of the Rule 11 proceeding reveals that the Court carefully questioned Butt before accepting the plea change:

Q: Have any promises been made to you to induce you to plead guilty?
A: No, Your Honor
Q: Do you believe there is any understanding as to the sentence that you will receive?
A: No, Your Honor
Q: The Court may disregard th[e] recommendation entirely and give you the maximum allowed by law, ... do you understand that?
A: Yes, Your Honor
Q: And [if] you are sentenced to a penalty which is heavier than the one that is going to be recommended, you will .... have no way of complaining about it.
A: No, Your Honor [3]
Q: Have any predictions been made to you as to the sentence you will receive.
A: No, Your Honor
Q: ... I want to know if you're entering a plea of guilty relying on any predictions or manifestations that either your attorney or somebody else might have made to you.
A: Yes, Your Honor
Q: Are you relying on anything like that?
A: No, sir
Q: Are you entering a plea of guilty because of the result of that plea bargaining, of the good job your attorney has done in dealing with the U.S. Attorney?
A: No, Your Honor.
Q: Would you enter a plea of guilty in this case regardless of that plea bargain?

**3.** The Ninth Circuit, in *United States v. Henderson,* 565 F.2d 1119 (9th Cir.1977), *cert. denied,* 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978) suggests, "that the defendant may consider the warnings that the judge is not bound to follow the recommendation or request as ritual incantations, not to be taken seriously." We, like the Court in *Henderson,* do not see how the defendant could have persisted in any such belief after the district judge's detailed and careful explanations. *Henderson,* 565 F.2d at 1123.

A: Yes, Your Honor

In *Crawford v. United States*, 519 F.2d 347 (4th Cir.1975), *cert. denied*, 423 U.S. 1057, 96 S.Ct. 791, 46 L.Ed.2d 647 (1976), the summary denial of a § 2255 petitioner's claims that his lawyer was incompetent and had lied to him about the plea bargain and sentence he would receive was affirmed. The court adopted the rule that:

> [T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so. Stated otherwise, we hold that a defendant should not be heard to controvert his Rule 11 statements in a subsequent § 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statement[s].

*Crawford, supra*, 519 F.2d at 350; *United States v. Goodman*, 590 F.2d 705, 710 (8th Cir.), *cert. denied*, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979). *See generally, Walker v. Johnston*, 312 U.S. 275, 286, 61 S.Ct. 574, 579, 85 L.Ed. 830 (1941).

 Butt has given no valid reasons why he should be relieved of his statements in the "Plea Petition" or at the change of plea proceeding.[4] Even if the appellant had asserted that, upon the advice of counsel, he had made false statements at the change-of-plea proceedings, the presumption of truthfulness of the Rule 11 statements will not be overcome unless the allegations in the § 2255 motion are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those

earlier contradictory statements is now justified. *Crawford v. United States*, 519 F.2d at 350; *see Hedman v. United States*, 527 F.2d 20 (10th Cir.1975). Since Butt fails to reasonably substantiate his ineffective assistance of counsel claim with any material issues of fact, he has not "overcome the presumption of regularity which the record ... imports," *Walker v. Johnston*, 312 U.S. 275, 286, 61 S.Ct. 574, 579, 85 L.Ed. 830 (1941). We are satisfied that this plea was voluntary and was not induced by any claimed ineffective assistance of counsel.[5]

**V.**

 With regard to Butt's claim that the government violated the plea bargain, the transcript of the Rule 11 proceeding demonstrates that the judge was not a party to the agreement and that Butt was aware of such. Further, it is clear from the record that the government performed as it agreed in recommending a 3½ year sentence, a $2000 fine and the dismissal of Count Two.

**VI.**

We have reviewed all the papers and submissions and are satisfied that the district court was entitled to deny Butt's § 2255 motion and find Butt's allegations unsupported by specific facts and contradicted by the record. Nor has any other ground for relief presented itself. Accordingly, we affirm the district court's order.

*Affirmed.*

---

4. In his Memorandum of Law, filed in support of his § 2255 motion, Butt says that his attorney assured him that the plea bargain "has nothing to do with the questions asked at the trial by the judge. The questioning and answering is just a formal procedure for the sake of the records." Butt does not allege that he made any false statements either in his "Plea Petition" or at the Rule 11 proceeding, nor does he allege that his lawyer instructed him how to answer the questions of the district judge.

5. Evidentiary hearings have been granted to § 2255 appellants who have claimed that their plea was induced by attorney misrepresentations only when the allegations were highly specific and usually accompanied by some independent corroboration. *See, e.g., United States v. Pallotta*, 433 F.2d 594 (1st Cir.1970); *Moorehead v. United States*, 456 F.2d 992 (3rd Cir.1972); *United States v. Marzgliano*, 588 F.2d 395 (3rd Cir.1978); *United States v. Unger*, 665 F.2d 251 (8th Cir.1981).