**Eric MONTALVO MARTINEZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. No. 89–1506 (JAF).
Crim. No. 86–445.

United States District Court,
D. Puerto Rico.

April 9, 1990.

Eric Montalvo Martinez, pro se.

Charles E. Fitzwilliam, Executive Asst. U.S. Atty., and Daniel F. López Romo, U.S. Atty., San Juan, Puerto Rico, for respondent.

## OPINION AND ORDER

FUSTE, District Judge.

Eric Montalvo Martinez seeks relief under 28 U.S.C. section 2255, alleging that his guilty plea to a violation of 21 U.S.C. section 952 was induced by a lawyer's promise that he would receive no more than a five-year prison sentence. (Montalvo in fact received a fifteen-year prison sentence and a five-year special parole term.) This is the second time petitioner has raised this argument in a section 2255 proceeding. Montalvo's first petition was denied by this court, and that determination was affirmed by the First Circuit in *Montalvo Martinez v. United States*, No. 88–1684, slip op. (1st Cir. Feb. 9, 1989) [873 F.2d 1433 (table)]. The First Circuit, however, judged that under the circumstances of the case Montalvo should be given another opportunity to explain and corroborate his claim. After thoroughly reviewing the newly-presented arguments, we again reach the conclusion that the petition should be denied.[1]

Nothing submitted by the petitioner this time around has shaken the court's conclusion that this case is controlled by *United States v. Butt*, 731 F.2d 75 (1st Cir.1984). In *Butt* the court dismissed defendant's claim that his counsel misled him into believing the sentencing judge would be bound by the terms of the plea agreement. The court in *Butt* found that the defendant could not reasonably believe such a promise in light of the careful explanation to the contrary provided him by the court at the change of plea hearing. *Id.* at 79 n. 3. The court found that, absent extraordinary circumstances, statements made by a defendant during a Rule 11 inquiry are presumed to be truthful. *Id.* at 80.

In the case at hand, the court conducted a thorough Rule 11 inquiry similar to that at issue in *Butt*. The court's purpose, as always, was to establish that the plea was

---

1. Pursuant to Rule 4(b) of the Rules Governing Proceedings in U.S. District Courts under 28 U.S.C. section 2255, we find no need to grant an evidentiary hearing because petitioner's claims are either patently incredible or are conclusively refuted by documents of record. *See Panzardi-Alvarez v. United States*, 879 F.2d 975, 985 n. 8 (1st Cir.1989), and cases cited therein.

entered knowingly and voluntarily and with full knowledge of the capacity of the court to impose any legal sentence regardless of extra-judicial promises to the contrary. The court explained to petitioner that it was free to impose any sentence within the statutory range and that any promise or prophesy to the contrary would be without effect. The petitioner repeatedly indicated that he understood this to be the case. Thus, absent extraordinary circumstances, these statements must be presumed truthful.

Nevertheless, petitioner argues that his attorney forced him to lie during the change of plea hearing, and that therefore the case falls outside the ambit of *Butt.* We concede that a detailed and credible claim that an attorney advised his client to give false responses to the court's Rule 11 questions might alter the presumption that the answers are presumed to be true. However, petitioner's allegations in this case are neither detailed nor credible. Montalvo does not claim that his attorney advised him to lie prior to the hearing. Rather, he claims that throughout the Rule 11 inquiry his lawyer "coerced [him] into lying to every question" by whispering the "correct" answers into his ear. (Petitioner's Brief at 3.) This scenario is fanciful to say the least. This judge does not recall any such overt and improper coaching at the change of plea hearing. To the contrary, the transcript indicates that petitioner was articulate and alert. Indeed, such interference with the voluntary nature of the plea taking as has been alleged would be noticed and reprimanded by the court. Because petitioner's version of the plea hearing conforms neither with memory nor credibility, the court concludes that the presumption of truthfulness, as established in *Butt,* applies to this case.

Neither has petitioner been able to persuasively corroborate the claim that his attorney promised him a five-year sentence in exchange for his plea. Originally, petitioner alleged that this promise was made in the presence of two persons—his wife and attorney Francisco Dolz, who was representing a codefendant. Finding that petitioner's claim was subject to corroboration, the First Circuit suggested that petitioner obtain sworn statements from these two individuals on the subject of whether the promise was in fact made. *See Montalvo Martínez,* No. 88–1684, slip op. at 8 n. 1. To this end, Mrs. Montalvo has submitted a sworn affidavit upholding her husband's version of the story. However, she also states that she was unable to contact attorney Dolz, and that his affidavit is therefore missing. Nevertheless, the government *was* able to contact Dolz and has submitted his affidavit as part of its response. In his statement, Dolz claims that no sentencing promise was made in his presence and that he *did* speak with Mrs. Montalvo on at least one occasion but that his recollection of the events differed from hers. In short, we find the evidence supporting the existence of a promise unpersuasive at best.

Finally, we note, as did the First Circuit, that petitioner did attempt to revoke his guilty plea at the sentencing hearing. We have reviewed the transcripts of the sentencing hearing in order to determine his reasons for doing so. We have found that petitioner's attempt to revoke his guilty plea was based primarily on an alleged miscalculation as to the strength of the government's case against him and on the fact that he was under an emotional strain at the time the original calculation was made. Accepting all this as true, we do not see how petitioner's present claim is bolstered—all that is proven is that between the change of plea and sentencing hearings he recalculated and changed his mind. There is no indication in the transcript that petitioner was under a misunderstanding as to the court's capacity to impose any legal term as a sentence, which is the basis of the present claim for relief.

Given the foregoing, the court finds no reason to conclude that the petitioner was under any misapprehension at the time the plea was entered. Therefore, pursuant to the holding of the First Circuit in *Butt,* the petition is DISMISSED.

IT IS SO ORDERED.