May 3, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2176

 VICTOR VEGA-ENCARNACION,

 Petitioner, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Respondent, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Raymond L. Acosta, U.S. District Judge]
 

 

 Before

 Torruella, Cyr and Stahl,
 Circuit Judges.
 

 

Victor Vega-Encarnacion on brief pro se.
 
Daniel F. Lopez-Romo, United States Attorney, Edwin O. Vazquez,
 
Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior
 
Litigation Counsel, brief for appellee.

 

 

 Per Curiam. Appellant, Victor Vega-Encarnacion,
 

was convicted along with a co-defendant, Hector Orlando Cruz-

Rosario, of aiding and abetting in the distribution of more

than 5,000 grams of cocaine in violation of 21 U.S.C. 

841(a)(1) and 18 U.S.C. 2. A third co-defendant, Roberto

Vazquez-Carrera, pled guilty prior to trial. The only

witness to testify at trial was an undercover agent for the

DEA, Miguel Andaluz Baez. We affirmed the convictions of

appellant and Cruz-Rosario on appeal. United States v. Vega-
 

Encarnacion, 914 F.2d 20 (1st Cir. 1990), cert. denied, 111
 

S. Ct. 1626 (1991).

 Appellant has filed a petition under 28 U.S.C. 

2255 seeking to set aside his conviction. He alleges

ineffective assistance of counsel. On the form provided to

appellant, he specified that counsel (1) had failed to object

to part of the prosecutor's closing argument; and (2) had

failed to object to the trial court's jury instruction

regarding appellant's failure to testify. A third ground

surfaced in the pleadings filed by appellant in the course of

the district court proceedings. First, in his memorandum in

support of the 2255 motion, appellant merely stated, in

describing the nature of the defense presented at trial, that

he "was not permitted to testify on his own behalf." Next,

in his objections to the report and recommendation of the

magistrate judge, appellant developed this point by arguing

that counsel's performance was inadequate on the ground that

counsel had told appellant that it was "not possible" for

appellant to take the stand. This, appellant averred,

violated his right to testify on his own behalf. Finally, in

a request for an evidentiary hearing, appellant stated that

trial counsel "erroneously advised [appellant] that it was

impossible for him to testify. . . ."

 I.
 

 A full account of the facts is presented in our

opinion affirming appellant's conviction. We repeat only

those facts necessary for an understanding of the claims

raised in the 2255 motion. In 1989, the DEA and Puerto

Rico police officers began an investigation concerning

suspected drug dealers. Andaluz, the undercover agent,

arranged to purchase five kilograms of cocaine for $70,000

from Vazquez-Carrera. The cocaine was not delivered at the

first meeting because Vazquez-Carrera did not have the keys

to the apartment where the drugs were stored. However, Cruz-

Rosario met with Andaluz to discuss further arrangements.

 A few days later, a second meeting was set up.

Andaluz and an informant drove to the designated place, a

shopping center, where they were met by Cruz-Rosario and

Vazquez-Carrera who arrived in the same automobile. Vazquez-

Carrera and the informant then left in the informant's car to

pick up the cocaine. When they returned, they drove into a

rear parking lot of the shopping center. They were followed

by appellant in a separate car. When Andaluz went over to

the informant's car to look at the cocaine, he was joined by

 -3-

appellant who had been seated on the sidewalk next to the

parking lot. Andaluz asked appellant if he was with Vazquez-

Carrera and appellant said that he was; appellant then told

Andaluz that the cocaine was in the back seat of the car.

When they arrived at the informant's car, they found it

unlocked with the keys in the ignition. According to

Andaluz, appellant helped him to lock up the car. Appellant

stated to Andaluz that he had come himself because Vazquez-

Carrera did not know how to do the deal and that any future

deals would be done differently. Appellant also responded

affirmatively when Andaluz asked him if the cocaine was his.

As the money was about to change hands, appellant was

arrested.

 II.
 

 To present a successful claim of ineffective

assistance of counsel, appellant must establish that "the

alleged deficiencies in professional performance assumed

unconstitutional dimensions. . . ." Barrett v. United
 

States, 965 F.2d 1184, 1193 (1st Cir. 1992). The benchmark
 

is "whether counsel's conduct so undermined the proper

functioning of the adversarial process that the trial cannot

be relied on as having produced a just result." Strickland
 

v. Washington, 466 U.S. 668, 686 (1984). Strickland
 

established a two-prong test for determining whether

counsel's conduct was so defective as to require reversal of

 -4-

a conviction. A defendant must establish that counsel's

conduct fell below an objective standard of reasonableness

and that he was prejudiced in the sense that "but for

counsel's errors, the result below would have been

different." See Murchu v. United States, 926 F.2d 50, 58
 

(1st Cir.) (per curiam), cert. denied, 112 S. Ct. 99 (1991).
 

Because we find that appellant has not established prejudice,

we need not address the question whether counsel's

performance was ineffective. See Strickland, 466 U.S. at 697
 

(court need not examine adequacy of counsel's performance

"[i]f it is easier to dispose of the . . . claim on the

ground of lack of sufficient prejudice").

 1. The prosecutor's closing argument. Appellant
 

argues that counsel erred in not objecting to the following

statements.

 The evidence shows that the
 informant's vehicle and the defendant
 [Vega-Encarnacion] parked at the back
 side of the shopping center parking lot.
 And the evidence shows that he stayed,
 you remember that he stayed during [the]
 time that Roberto goes to the other side
 to talk with Officer Andaluz. And why
 will he stay in that place, near the area
 that the informant's car was and near the
 area that [the] cocaine was.

 You remember that the evidence
 proves that the informant's car was
 unlocked, with a key in the ignition and
 with the five kilos of the cocaine in the
 back seat. Are you going to believe that
 Roberto Vazquez Carrera will leave in
 that area with five kilos of cocaine that
 cost seventy thousand dollars, with a key

 -5-

 in the ignition and the door open. Of
 course not. Drug traffickers don't work
 in that way.

 On appeal, appellant argues that these remarks were

improper on the ground that they constituted personal

expressions of opinion that appellant's role was as a look-

out during the transaction. As for the reference to the way

drug dealers work, appellant maintains that testimony

concerning drug operations is the subject of expert opinion.

Appellant relies on cases in which challenges to

prosecutorial comments were attacked on direct appeal. In so

doing, appellant misconstrues the nature of the inquiry. The

test is not whether the prosecutor's comments constituted

plain error, but whether counsel's failure to object to them

prejudiced appellant.

 On this question, we fail to see any prejudice to

appellant. The direct testimony of Andaluz identified

appellant, based on appellant's own statements, as a primary

player in the drug transaction. Thus, we can hardly fault

counsel for failing to object to the characterization of

appellant as a look-out -- a less involved role. Certainly,
 

we cannot say that but for counsel's failure to object, the

result would have been different, i.e., that appellant would
 

not have been convicted.

 2. Jury Instruction. Appellant's second ground
 

for relief is based on counsel's failure to object to the

 -6-

trial judge's "ambiguous" jury instruction concerning the

effect of appellant's failure to testify. The trial judge

charged as follows:

 Now, the indictment or form of
 charges against a defendant is not
 evidence of guilt. Indeed, the defendant
 is presumed by the law to be innocent.
 The law does not require a defendant to
 prove his innocence or produce any
 evidence at all and no inference may be
 drawn by the [decision of] defendant not
 to testify.

We first note that appellant's only reference to this ground

on appeal is in a description of the contents of the 2255

petition. Nowhere does appellant present any argument as to

why the failure of counsel to object to this instruction

constitutes ineffective assistance of counsel.

 In any event, the allegations of prejudice

presented below -- (1) that the instruction left the jury "in

the dark" as to what weight to place on appellant's decision

not to testify; and (2) that the instruction did nothing to

prevent the jury from imagining reasons for appellant's

failure to testify in rebuttal to the statements of Andaluz -

- are not persuasive. This is highlighted by appellant's

argument set out in his objections to the report and

recommendation of the magistrate judge that the proper

instruction should have stated that

 "under our constitution, he has no
 obligation to testify or to present any
 other evidence because it is the

 -7-

 prosecution's duty to prove the defendant
 guilty beyond a reasonable doubt."

Perceiving no significant difference between the two

instructions, it also is difficult to perceive any prejudice.

 3. Right to testify. Appellant claims that his
 

attorney deceived him by leading him to believe that it was

legally impossible for appellant to testify on his own

behalf. He asserts that this claim cannot be resolved in the

absence of an evidentiary hearing. The district court is

required to hold such a hearing "if the records and files in

the case, or an expanded record, cannot conclusively resolve

substantial issues of material fact, `and when the

allegations made, if true, would require relief.'" United
 

States v. Butt, 731 F.2d 75, 78 (1st Cir. 1984) (quoting
 

United States v. Fournier, 594 F.2d 276, 279 (1st Cir.
 

1979)). We therefore must first determine whether appellant

would be entitled to relief if he proved his allegations.

Only if he would, do we then decide whether the district

court abused its discretion in not holding an evidentiary

hearing.

 A criminal defendant has a constitutional right to

testify on his own behalf. Rock v. Arkansas, 483 U.S. 44,
 

51-53 (1987). This right is personal and cannot be waived by

trial counsel. Nichols v. Butler, 953 F.2d 1550, 1552 (11th
 

Cir. 1992).

 -8-

 [I]f defense counsel never informed the
 defendant of the right to testify, and
 that the ultimate decision belongs to the
 defendant, counsel would have neglected
 the vital professional responsibility of
 ensuring that the defendant's right to
 testify is protected and that any waiver
 of that right is knowing and voluntary.

United States v. Teague, 953 F.2d 1525, 1534 (11th Cir.),
 

cert. denied, 113 S. Ct. 127 (1992). Teague held that in
 

such circumstances, counsel has not provided "reasonably

effective assistance." Id.
 

 We question, however, whether the bare allegation

that counsel would not let appellant testify is sufficient,

without more, to satisfy the first prong of Strickland. See
 

Underwood v. Clark, 939 F.2d 473, 475-76 (7th Cir. 1991)
 

(affidavit of defendant stating only the "barebones

assertion" that "[m]y attorney told me I could not testify"

insufficient to require an evidentiary hearing; some "greater

particularity is necessary"). We addressed a similar

situation in regard to allegations that a guilty plea was

induced by attorney misrepresentations. We stated that

evidentiary hearings have been granted to defendants "only

when [such] allegations were highly specific and usually

accompanied by some independent corroboration." Butt, 731
 

F.2d at 80 n.5, quoted in Siciliano v. Vose, 834 F.2d 29, 30
 

(1st Cir. 1987).

 Even assuming that his counsel's performance was

constitutionally deficient, appellant still must satisfy the

 -9-

second part of the Strickland test. In this regard,
 

appellant points out that the government informant and Cruz-

Rosario identified Vazquez-Carrera as the primary

distributor. Further, appellant asserts, his name was never

mentioned during the negotiations for the sale of the

cocaine. The only evidence implicating appellant, he points

out, was the testimony of Andaluz as to the incriminating

statements allegedly made by appellant to Andaluz.

 Appellant argues that where the issue is not

whether a crime was committed but rather is whether the

defendant was the individual who committed the crime, his

testimony takes on "`greater importance.'" He relies on

Nichols for this proposition. However, in Nichols, there was
 

a real question as to whether the defendant actually was the

person who perpetrated the crime. The only witness to the

robbery in Nichols had glanced at the robber for less than a
 

second and another witness had testified that he, not the

defendant, had committed the crime. 953 F.2d at 1551. There

is no question here that appellant was on the scene and he

does not deny that he spoke with Andaluz.

 Nonetheless, he asserts that he was prejudiced in

this situation because "there was only one person in the

position to challenge agent Andaluz's testimony -- Vega-

Encarnacion himself." As such, he urges, the jury was

entitled to hear appellant's version of the facts so that

 -10-

they could weigh his credibility against the credibility of

Andaluz. Thus, appellant concludes that prejudice is

established and that "the government is wrong in claiming

that [his] testimony could not [have] changed the outcome of

the trial."

 Although appellant's claim that he has a right to

testify which cannot be waived by his counsel is one

cognizable under 2255, his allegations concerning the

prejudice resulting from counsel's supposedly inadequate

representation are nothing more than "conclusions without

specific and detailed supporting facts." See Butt, 731 F.2d
 

at 77. In this situation, we need not treat them as true.

See Porcaro v. United States, 784 F.2d 38, 40 (1st Cir.) (per
 

curiam), cert. denied, 479 U.S. 916 (1986). In essence,
 

appellant's argument regarding prejudice boils down to the

bare assertion that had appellant been allowed to testify, he

would have adequately rebutted and explained the statements

made by Andaluz. What is lacking, obviously, is any

indication of exactly what appellant's testimony would have

been. Indeed, there is no getting around the fact that

appellant could have supplied this information to the

district court when he filed his 2255 motion. In the

absence of this kind of specificity, it is impossible to

determine that, but for counsel's alleged errors, the result

below would have been different.

 -11-

 We do not believe that in this situation a 2255

movant can just declare that because he was entitled to

testify, a hearing should have been held. "Some greater

particularity is necessary . . . to give the claim sufficient

credibility to warrant a further investment of judicial

resources in determining the truth of the claim." Underwood,
 

939 F.2d at 476. As appellant has not demonstrated that he

is entitled to relief by providing the requisite specificity,

the district court did not abuse its discretion in not

holding an evidentiary hearing.

 For the foregoing reasons, the judgment of the

district court is affirmed.
 

 -12-