993 F.2d 1531
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Victor VEGA-ENCARNACION, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 92-2176.
 United States Court of Appeals,
First Circuit.
 May 3, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 Victor Vega-Encarnacion on brief pro se.
 Daniel F. Lopez-Romo, United States Attorney, Edwin O. Vazquez, Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, brief for appellee.
 D. PUERTO RICO
 AFFIRMED.
 Before Torruella, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant, Victor Vega-Encarnacion, was convicted along with a co-defendant, Hector Orlando Cruz-Rosario, of aiding and abetting in the distribution of more than 5,000 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. A third co-defendant, Roberto Vazquez-Carrera, pled guilty prior to trial. The only witness to testify at trial was an undercover agent for the DEA, Miguel Andaluz Baez. We affirmed the convictions of appellant and Cruz-Rosario on appeal. United States v. Vega-Encarnacion, 914 F.2d 20 (1st Cir. 1990), cert. denied, 111 S. Ct. 1626 (1991).
 
 
 2
 Appellant has filed a petition under 28 U.S.C. § 2255 seeking to set aside his conviction. He alleges ineffective assistance of counsel. On the form provided to appellant, he specified that counsel (1) had failed to object to part of the prosecutor's closing argument; and (2) had failed to object to the trial court's jury instruction regarding appellant's failure to testify. A third ground surfaced in the pleadings filed by appellant in the course of the district court proceedings. First, in his memorandum in support of the § 2255 motion, appellant merely stated, in describing the nature of the defense presented at trial, that he "was not permitted to testify on his own behalf." Next, in his objections to the report and recommendation of the magistrate judge, appellant developed this point by arguing that counsel's performance was inadequate on the ground that counsel had told appellant that it was "not possible" for appellant to take the stand. This, appellant averred, violated his right to testify on his own behalf. Finally, in a request for an evidentiary hearing, appellant stated that trial counsel "erroneously advised [appellant] that it was impossible for him to testify...."
 
 I.
 
 3
 A full account of the facts is presented in our opinion affirming appellant's conviction. We repeat only those facts necessary for an understanding of the claims raised in the § 2255 motion. In 1989, the DEA and Puerto Rico police officers began an investigation concerning suspected drug dealers. Andaluz, the undercover agent, arranged to purchase five kilograms of cocaine for $70,000 from Vazquez-Carrera. The cocaine was not delivered at the first meeting because Vazquez-Carrera did not have the keys to the apartment where the drugs were stored. However, Cruz-Rosario met with Andaluz to discuss further arrangements.
 
 
 4
 A few days later, a second meeting was set up. Andaluz and an informant drove to the designated place, a shopping center, where they were met by Cruz-Rosario and Vazquez-Carrera who arrived in the same automobile. Vazquez-Carrera and the informant then left in the informant's car to pick up the cocaine. When they returned, they drove into a rear parking lot of the shopping center. They were followed by appellant in a separate car. When Andaluz went over to the informant's car to look at the cocaine, he was joined by appellant who had been seated on the sidewalk next to the parking lot. Andaluz asked appellant if he was with Vazquez-Carrera and appellant said that he was; appellant then told Andaluz that the cocaine was in the back seat of the car. When they arrived at the informant's car, they found it unlocked with the keys in the ignition. According to Andaluz, appellant helped him to lock up the car. Appellant stated to Andaluz that he had come himself because Vazquez-Carrera did not know how to do the deal and that any future deals would be done differently. Appellant also responded affirmatively when Andaluz asked him if the cocaine was his. As the money was about to change hands, appellant was arrested.
 
 II.
 
 5
 To present a successful claim of ineffective assistance of counsel, appellant must establish that "the alleged deficiencies in professional performance assumed unconstitutional dimensions...." Barrett v. United States, 965 F.2d 1184, 1193 (1st Cir. 1992). The benchmark is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). Strickland established a two-prong test for determining whether counsel's conduct was so defective as to require reversal of a conviction. A defendant must establish that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced in the sense that "but for counsel's errors, the result below would have been different." See Murchu v. United States, 926 F.2d 50, 58 (1st Cir.) (per curiam), cert. denied, 112 S. Ct. 99 (1991). Because we find that appellant has not established prejudice, we need not address the question whether counsel's performance was ineffective. See Strickland, 466 U.S. at 697 (court need not examine adequacy of counsel's performance "[i]f it is easier to dispose of the ... claim on the ground of lack of sufficient prejudice").
 
 
 6
 1. The prosecutor's closing argument. Appellant argues that counsel erred in not objecting to the following statements.
 
 
 7
 The evidence shows that the informant's vehicle and the defendant [Vega-Encarnacion] parked at the back side of the shopping center parking lot. And the evidence shows that he stayed, you remember that he stayed during [the] time that Roberto goes to the other side to talk with Officer Andaluz. And why will he stay in that place, near the area that the informant's car was and near the area that [the] cocaine was.
 
 
 8
 You remember that the evidence proves that the informant's car was unlocked, with a key in the ignition and with the five kilos of the cocaine in the back seat. Are you going to believe that Roberto Vazquez Carrera will leave in that area with five kilos of cocaine that cost seventy thousand dollars, with a key in the ignition and the door open. Of course not. Drug traffickers don't work in that way.
 
 
 9
 On appeal, appellant argues that these remarks were improper on the ground that they constituted personal expressions of opinion that appellant's role was as a look-out during the transaction. As for the reference to the way drug dealers work, appellant maintains that testimony concerning drug operations is the subject of expert opinion. Appellant relies on cases in which challenges to prosecutorial comments were attacked on direct appeal. In so doing, appellant misconstrues the nature of the inquiry. The test is not whether the prosecutor's comments constituted plain error, but whether counsel's failure to object to them prejudiced appellant.
 
 
 10
 On this question, we fail to see any prejudice to appellant. The direct testimony of Andaluz identified appellant, based on appellant's own statements, as a primary player in the drug transaction. Thus, we can hardly fault counsel for failing to object to the characterization of appellant as a look-out-a less involved role. Certainly, we cannot say that but for counsel's failure to object, the result would have been different, i.e., that appellant would not have been convicted.
 
 
 11
 2. Jury Instruction. Appellant's second ground for relief is based on counsel's failure to object to the trial judge's "ambiguous" jury instruction concerning the effect of appellant's failure to testify. The trial judge charged as follows:
 
 
 12
 Now, the indictment or form of charges against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference may be drawn by the [decision of] defendant not to testify.
 
 
 13
 We first note that appellant's only reference to this ground on appeal is in a description of the contents of the § 2255 petition. Nowhere does appellant present any argument as to why the failure of counsel to object to this instruction constitutes ineffective assistance of counsel.
 
 
 14
 In any event, the allegations of prejudice presented below-(1) that the instruction left the jury "in the dark" as to what weight to place on appellant's decision not to testify; and (2) that the instruction did nothing to prevent the jury from imagining reasons for appellant's failure to testify in rebuttal to the statements of Andaluz-are not persuasive. This is highlighted by appellant's argument set out in his objections to the report and recommendation of the magistrate judge that the proper instruction should have stated that
 
 
 15
 "under our constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's duty to prove the defendant guilty beyond a reasonable doubt."
 
 
 16
 Perceiving no significant difference between the two instructions, it also is difficult to perceive any prejudice.
 
 
 17
 3. Right to testify. Appellant claims that his attorney deceived him by leading him to believe that it was legally impossible for appellant to testify on his own behalf. He asserts that this claim cannot be resolved in the absence of an evidentiary hearing. The district court is required to hold such a hearing "if the records and files in the case, or an expanded record, cannot conclusively resolve substantial issues of material fact, 'and when the allegations made, if true, would require relief.' " United States v. Butt, 731 F.2d 75, 78 (1st Cir. 1984) (quoting United States v. Fournier, 594 F.2d 276, 279 (1st Cir. 1979)). We therefore must first determine whether appellant would be entitled to relief if he proved his allegations. Only if he would, do we then decide whether the district court abused its discretion in not holding an evidentiary hearing.
 
 
 18
 A criminal defendant has a constitutional right to testify on his own behalf. Rock v. Arkansas, 483 U.S. 44, 51-53 (1987). This right is personal and cannot be waived by trial counsel. Nichols v. Butler, 953 F.2d 1550, 1552 (11th Cir. 1992).
 
 
 19
 [I]f defense counsel never informed the defendant of the right to testify, and that the ultimate decision belongs to the defendant, counsel would have neglected the vital professional responsibility of ensuring that the defendant's right to testify is protected and that any waiver of that right is knowing and voluntary.
 
 
 20
 United States v. Teague, 953 F.2d 1525, 1534 (11th Cir.), cert. denied, 113 S. Ct. 127 (1992). Teague held that in such circumstances, counsel has not provided "reasonably effective assistance." Id.
 
 
 21
 We question, however, whether the bare allegation that counsel would not let appellant testify is sufficient, without more, to satisfy the first prong of Strickland. See Underwood v. Clark, 939 F.2d 473, 475-76 (7th Cir. 1991) (affidavit of defendant stating only the "barebones assertion" that "[m]y attorney told me I could not testify" insufficient to require an evidentiary hearing; some "greater particularity is necessary"). We addressed a similar situation in regard to allegations that a guilty plea was induced by attorney misrepresentations. We stated that evidentiary hearings have been granted to defendants "only when [such] allegations were highly specific and usually accompanied by some independent corroboration." Butt, 731 F.2d at 80 n.5, quoted in Siciliano v. Vose, 834 F.2d 29, 30 (1st Cir. 1987).
 
 
 22
 Even assuming that his counsel's performance was constitutionally deficient, appellant still must satisfy the second part of the Strickland test. In this regard, appellant points out that the government informant and Cruz-Rosario identified Vazquez-Carrera as the primary distributor. Further, appellant asserts, his name was never mentioned during the negotiations for the sale of the cocaine. The only evidence implicating appellant, he points out, was the testimony of Andaluz as to the incriminating statements allegedly made by appellant to Andaluz.
 
 
 23
 Appellant argues that where the issue is not whether a crime was committed but rather is whether the defendant was the individual who committed the crime, his testimony takes on " 'greater importance.' " He relies on Nichols for this proposition. However, in Nichols, there was a real question as to whether the defendant actually was the person who perpetrated the crime. The only witness to the robbery in Nichols had glanced at the robber for less than a second and another witness had testified that he, not the defendant, had committed the crime. 953 F.2d at 1551. There is no question here that appellant was on the scene and he does not deny that he spoke with Andaluz.
 
 
 24
 Nonetheless, he asserts that he was prejudiced in this situation because "there was only one person in the position to challenge agent Andaluz's testimony-Vega-Encarnacion himself." As such, he urges, the jury was entitled to hear appellant's version of the facts so that they could weigh his credibility against the credibility of Andaluz. Thus, appellant concludes that prejudice is established and that "the government is wrong in claiming that [his] testimony could not [have] changed the outcome of the trial."
 
 
 25
 Although appellant's claim that he has a right to testify which cannot be waived by his counsel is one cognizable under § 2255, his allegations concerning the prejudice resulting from counsel's supposedly inadequate representation are nothing more than "conclusions without specific and detailed supporting facts." See Butt, 731 F.2d at 77. In this situation, we need not treat them as true. See Porcaro v. United States, 784 F.2d 38, 40 (1st Cir.) (per curiam), cert. denied, 479 U.S. 916 (1986). In essence, appellant's argument regarding prejudice boils down to the bare assertion that had appellant been allowed to testify, he would have adequately rebutted and explained the statements made by Andaluz. What is lacking, obviously, is any indication of exactly what appellant's testimony would have been. Indeed, there is no getting around the fact that appellant could have supplied this information to the district court when he filed his § 2255 motion. In the absence of this kind of specificity, it is impossible to determine that, but for counsel's alleged errors, the result below would have been different.
 
 
 26
 We do not believe that in this situation a § 2255 movant can just declare that because he was entitled to testify, a hearing should have been held. "Some greater particularity is necessary ... to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim." Underwood, 939 F.2d at 476. As appellant has not demonstrated that he is entitled to relief by providing the requisite specificity, the district court did not abuse its discretion in not holding an evidentiary hearing.
 
 
 27
 For the foregoing reasons, the judgment of the district court is affirmed.