USCA1 Opinion

 

 January 31, 1995 [NOT FOR PUBLICATION] UNITED STATES OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1605 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. CLIFFORD A. DOYLE, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Marcia G. Shein on brief for appellant. _______________ Jay P. MCloskey, United States Attorney, F. Mark Terison, _________________ __________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Petitioner Clifford A. Doyle appeals __________ from the dismissal without hearing of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. Specifically, he argues that the district court erred in dismissing his claims that the government breached its promise to recommend a six-year sentence and that his attorney provided ineffective assistance of counsel. Breach of Plea Agreement ________________________ In rejecting appellant's claim that the government breached the plea agreement, the district court relied upon the written plea agreement and the transcript of the Rule 11 hearing that it conducted. "The trial judge makes the factual determination of whether there has been a breach of the plea agreement. [This court] will not reverse this determination, therefore, unless clearly erroneous." Panzardi-Alvarez v. United States, 879 F.2d 975, 987 (1st ________________ ______________ Cir. 1989), cert. denied, 493 U.S. 1082 (1990). ____ ______ In dismissing a 2255 motion without a hearing, the district court "must take petitioner's factual allegations 'as true, except to the extent that they are contradicted by the record or are inherently incredible, and to the extent that they are merely conclusions rather than statements of fact.'" Otero-Rivera v. United States, 494 F.2d 900, 902 (1st ____________ _____________ Cir. 1974); (citations omitted); see also, Hernandez- ___ ____ __________ Hernandez v. United States, 904 F.2d 758, 762 (1st Cir. _________ _____________ -2- 1990). In this case, appellant's allegation that the government promised to recommend a six-year sentence is contradicted by the record. The plea agreement itself contains no such promise and, in fact, provides that "all parties specifically reserve the right to make any non- binding recommendation of any lawful sentence to the court." Paragraph nine of the plea agreement provides as follows: The defendant understands that there are no further or other agreements, either express or implied, other than those contained in this Agreement. At the Rule 11 hearing, the district court directly questioned appellant as follows: Q. Has anyone made a promise to you in an effort to induce you to plead guilty aside from the plea agreement I have discussed with you? A. No sir. "[T]he presumption of truthfulness of [defendant's] Rule 11 statements will not be overcome unless the allegations in the 2255 motion . . . include credible, valid reasons why a departure from those earlier contradictory statements is now justified." United States v. Butt, 731 F.2d 75, 80 (1st Cir. _____________ ____ 1984); cf. United States v. Doyle, 981 F.2d 591, 594 (1st ___ ______________ _____ Cir. 1992) ("We have repeatedly refused to infer the existence of promises not expressly articulated in, or -3- 3 necessarily implied by, plea agreements, . . ."). In his 2255 motion appellant provides no explanation for his denial in the Plea Agreement and at his Rule 11 hearing that any promises had been made other than those contained in the Plea Agreement itself. Therefore, he failed to overcome the presumption of truthfulness of his Rule 11 statements. Under those circumstances, the district court did not err in summarily denying appellant's breach-of-plea claim. See Butt, ___ ____ 731 F.2d at 80 (affirming summary denial of 2255 petition where appellant "has given no valid reasons why he should be relieved of his statements in the 'Plea Petition' or at the change of plea proceeding"). Ineffective Assistance of Counsel _________________________________ On appeal, appellant alleges for the first time that his attorney provided ineffective assistance in misrepresenting that the government would recommend a six-year sentence. He further alleges that, based upon that misrepresentation, he decided to plead guilty "with the understanding and belief that he would not receive a sentence in excess of six years." In his 2255 petition, appellant alleged numerous errors on the part of his attorney. With respect to the expected sentence, however, he faulted his attorney only for failing to insist that the government put its promise to recommend a six-year sentence in writing, and for failing to object when -4- 4 the government breached its promise by recommending a fifteen-year sentence. The district court rejected appellant's ineffective assistance of counsel claim in his 2255 motion, essentially for his failure to allege prejudice. Specifically, the court noted that "[p]rejudice might exist if Doyle would otherwise have pleaded not guilty, Hill v. Lockhart, 474 U.S. 52 ____ ________ (1985), or if an illegal sentence was imposed, but it does not exist simply in Doyle's belief that he should have obtained a better plea bargain." Now, on appeal, appellant alleges that he would have pleaded not guilty, but for his counsel's erroneous advice that he would receive a six-year sentence. "[O]ur general rule is not to consider claims raised for the first time on appeal. . . . We therefore are confined to determining whether or not this is a case 'where a gross miscarriage of justice would occur' . . . . [and where] the new ground [is] 'so compelling as virtually to insure appellant's success.'" Hernandez-Hernandez, 904 F.2d ___________________ at 763. Our review of the record does not reveal that this is such a case. To succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant is required to make two showings: first, "that his counsel's challenged acts or omissions made counsel's overall performance fall 'below an objective standard of reasonableness,'" United States v. ______________ -5- 5 Giardino, 797 F.2d 30, 31 (1st Cir. 1986) (citations ________ omitted), and second, "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Id. ___ In Butt, supra, we affirmed the district court's summary ____ _____ denial of a 2255 petition on facts similar to this case. There, the petitioner had claimed in his 2255 motion that his attorney misled him by telling him that the judge had agreed to the plea bargain. Based upon the statements and declarations contained in the written plea agreement and the transcript of the change-of-plea hearing, we rejected his claim that he had relied on that misrepresentation. We reasoned as follows: Butt has given no valid reasons why he should be relieved of his statements in the "Plea Petition" or at the change of plea proceeding. Even if the appellant had asserted that, upon the advice of counsel, he had made false statements at the change-of-plea proceedings, the presumption of truthfulness of the Rule 11 statements will not be overcome unless the allegations in the 2255 motion are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those earlier contradictory statements is now justified. Since Butt fails to reasonably substantiate his ineffective assistance of counsel claim with any material issues of fact, he has not "overcome the presumption of regularity which the record . . . imports." Butt, 731 F.2d at 80. ____ In this case, as in Butt, appellant has failed to ____ overcome the presumption of truthfulness of his Rule 11 -6- 6 statements. As this court noted in Butt, "[e]videntiary ____ hearings have been granted to 2255 appellants who have claimed that their plea was induced by attorney misrepresentations only when the allegations were highly specific and usually accompanied by some independent corroboration." 731 F.2d at 80, n.5; see also Hernandez- ___ ____ __________ Hernandez, 904 F.2d at 762. Appellant's allegations in this _________ case are neither specific nor corroborated. His brief is contradictory in its description of his attorney's misrepresentation. At one point, appellant alleges that his attorney advised him that he would receive a six-year sentence. Elsewhere in the brief, however, he seems to allege that his attorney's misrepresentation was that the government was bound by its oral promise to recommend a six- year sentence. These allegations are not sufficiently specific to require an evidentiary hearing. Compare _______ Hernandez-Hernandez, 904 F.2d at 762 (allegation that counsel ___________________ had told defendant he would receive a ten-year sentence if he pleaded guilty was sufficiently specific in that the date and time of the misrepresentation and the specific sentence to be served in exchange for the guilty plea were set forth). Neither allegation is corroborated. Appellant refers in his brief to affidavits by Daniel G. Lilly and Mary A. Davis, the attorneys who represented appellant at his guilty plea hearing. Copies of those affidavits, however, were never -7- 7 submitted to the district court. Only recently, on December 13, 1994, appellant's attorney moved to supplement the record excerpts to include "three affidavits . . . related to [appellant's] original complaint concerning promises to induce him to plead guilty." As the affidavits were not before the district court when it considered appellant's Rule 2255 motion, they cannot be considered on appeal. See United ___ ______ States v. Pacheco-Ortiz, 889 F.2d 301, 307 n.3 (1st Cir. ______ _____________ 1989). The government's motion to strike the references to the affidavits from appellant's brief is allowed. The motion to supplement the record is denied. Moreover, references to the affidavits in the brief purportedly support only the allegation that appellant's attorney advised him that the government's promise to recommend a six-year sentence did not have to be included in the written plea, not the allegation that his attorney advised him he would receive a six-year sentence. Given the sentencing court's clear statement at the Rule 11 hearing that it was not bound to follow the government's recommendation, appellant cannot reasonably have inferred from his attorney's alleged misrepresentation that the government would recommend a six-year sentence, that he would necessarily receive a six-year sentence. We conclude that this is not a case where a "gross miscarriage of justice" will result or where the new ground -8- 8 for relief insures appellant's success. Therefore, we deny appellant's ineffective assistance of counsel claim on the ground that it was not presented to the district court. For the foregoing reasons, The district court's dismissal of appellant's 2255 petition is summarily affirmed pursuant to Loc. R. 27.1. -9- 9