[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 95-2123

 KENNETH BARTLETT,

 Petitioner, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Respondent, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Walter Jay Skinner, Senior U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Cyr and Stahl, Circuit Judges. 

 

Kenneth Bartlett on brief pro se. 
Donald K. Stern, United States Attorney, and Thomas C. Frongillo, 
Assistant United States Attorney, on brief for appellee.

 

 May 30, 1996
 

 Per Curiam. Petitioner Kenneth Bartlett appeals 

from the district court's summary denial of his motion

pursuant to 28 U.S.C. 2255. We affirm for the reasons 

given in the district court's Memorandum and Order dated June

20, 1995.

 We add the following comments concerning the

district court's failure to hold an evidentiary hearing to

address petitioner's claim that he was induced to plead

guilty by his attorney's assurance that he would serve only

17 years. Essentially, petitioner's argument is that

counsel's ineffective assistance in promising him a

particular sentence if he pled guilty, rendered his plea

involuntary.

 "An evidentiary hearing is required if the records

and files in the case, or an expanded record, cannot

conclusively resolve substantial issues of material fact,

'and when the allegations made, if true, would require

relief.'" United States v. Butt, 731 F.2d 75, 78 (1st Cir. 

1984). "Ineffective assistance of counsel may undermine the

voluntariness of a guilty plea by the defendant." Panzardi- 

Alvarez v. United States, 879 F.2d 975, 982 (1st Cir. 1989) 

(citing Hill v. Lockhart, 474 U.S. 52, 56 (1985)), cert. 

denied, 493 U.S. 1082 (1990). The two-prong inquiry 

developed in Strickland v. Washington, 466 U.S. 668 (1984), 

applies in this context. Therefore, to obtain relief on his

 -2-

ineffective assistance claim, Bartlett is required to show

that counsel's assistance fell below an objective standard of

reasonableness, and that there is a "reasonable probability 

that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial." Hill, 474 

U.S. at 59. 

 Petitioner was not entitled to an evidentiary

hearing because he failed adequately to allege prejudice.

Our opinion in United States v. LaBonte, 70 F.3d 1396 (1st 

Cir. 1995), is instructive. In Labonte, we affirmed the 

district court's summary dismissal of a 2255 petition

alleging ineffective assistance of counsel. One of the

grounds for denial of the petition was its "fail[ure]

adequately to allege any cognizable prejudice." Id. at 1413. 

In his brief, the appellant had contended "that his trial

attorney assured him that his sentence would be no more than

eighteen months, and that there was simply 'no way' that he

would be sentenced as a career offender pursuant to U.S.S.G.

 4B1.1." Id. In fact, the district court had sentenced 

appellant as a career offender and imposed a 262-month

sentence.

 In finding that appellant had failed adequately to

allege prejudice, we ruled as follows:

 An attorney's inaccurate prediction of
 his client's probable sentence, standing
 alone, will not satisfy the prejudice
 prong of the ineffective assistance test.

 -3-

 Similarly, [appellant's] self-serving
 statements that, but for his counsel's
 inadequate advice he would have pleaded
 not guilty, unaccompanied by either a
 claim of innocence or the articulation of
 any plausible defense that he could have
 raised had he opted for a trial, is
 insufficient to demonstrate the required
 prejudice.

LaBonte, 70 F.3d at 1413. 

 In this case, as in LaBonte, the attorney's alleged 

assurance that petitioner would receive a 17-year sentence

does not satisfy the prejudice prong of the ineffective

assistance test. Similarly, petitioner's bare allegation

that his guilty plea "was based on counsel's ineffective

advice," is also insufficient to allege prejudice.

Petitioner has never claimed innocence or articulated any

defense that he could have raised if he had gone to trial.

Therefore, petitioner has failed adequately to allege

prejudice. "[A] failure of proof on either prong of the

Strickland test defeats an ineffective-assistance-of-counsel 

claim." Id. at 1413-14. The district court did not err in 

failing to hold an evidentiary hearing because, even if

petitioner's allegations are accepted as true, he is not

entitled to relief.

 The summary dismissal of petitioner's 2255

petition is affirmed. 

 -4-