USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2123 KENNETH BARTLETT, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Walter Jay Skinner, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Kenneth Bartlett on brief pro se. ________________ Donald K. Stern, United States Attorney, and Thomas C. Frongillo, _______________ ___________________ Assistant United States Attorney, on brief for appellee. ____________________ May 30, 1996 ____________________ Per Curiam. Petitioner Kenneth Bartlett appeals ___________ from the district court's summary denial of his motion pursuant to 28 U.S.C. 2255. We affirm for the reasons ______ given in the district court's Memorandum and Order dated June 20, 1995. We add the following comments concerning the district court's failure to hold an evidentiary hearing to address petitioner's claim that he was induced to plead guilty by his attorney's assurance that he would serve only 17 years. Essentially, petitioner's argument is that counsel's ineffective assistance in promising him a particular sentence if he pled guilty, rendered his plea involuntary. "An evidentiary hearing is required if the records and files in the case, or an expanded record, cannot conclusively resolve substantial issues of material fact, 'and when the allegations made, if true, would require relief.'" United States v. Butt, 731 F.2d 75, 78 (1st Cir. ______________ ____ 1984). "Ineffective assistance of counsel may undermine the voluntariness of a guilty plea by the defendant." Panzardi- _________ Alvarez v. United States, 879 F.2d 975, 982 (1st Cir. 1989) _______ _____________ (citing Hill v. Lockhart, 474 U.S. 52, 56 (1985)), cert. ____ ________ _____ denied, 493 U.S. 1082 (1990). The two-prong inquiry ______ developed in Strickland v. Washington, 466 U.S. 668 (1984), __________ __________ applies in this context. Therefore, to obtain relief on his -2- ineffective assistance claim, Bartlett is required to show that counsel's assistance fell below an objective standard of reasonableness, and that there is a "reasonable probability ___ that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 ____ U.S. at 59.  Petitioner was not entitled to an evidentiary hearing because he failed adequately to allege prejudice. Our opinion in United States v. LaBonte, 70 F.3d 1396 (1st _____________ _______ Cir. 1995), is instructive. In Labonte, we affirmed the _______ district court's summary dismissal of a 2255 petition alleging ineffective assistance of counsel. One of the grounds for denial of the petition was its "fail[ure] adequately to allege any cognizable prejudice." Id. at 1413. ___ In his brief, the appellant had contended "that his trial attorney assured him that his sentence would be no more than eighteen months, and that there was simply 'no way' that he would be sentenced as a career offender pursuant to U.S.S.G. 4B1.1." Id. In fact, the district court had sentenced ___ appellant as a career offender and imposed a 262-month sentence. In finding that appellant had failed adequately to allege prejudice, we ruled as follows: An attorney's inaccurate prediction of his client's probable sentence, standing alone, will not satisfy the prejudice prong of the ineffective assistance test. -3- Similarly, [appellant's] self-serving statements that, but for his counsel's inadequate advice he would have pleaded not guilty, unaccompanied by either a claim of innocence or the articulation of any plausible defense that he could have raised had he opted for a trial, is insufficient to demonstrate the required prejudice. LaBonte, 70 F.3d at 1413. _______ In this case, as in LaBonte, the attorney's alleged _______ assurance that petitioner would receive a 17-year sentence does not satisfy the prejudice prong of the ineffective assistance test. Similarly, petitioner's bare allegation that his guilty plea "was based on counsel's ineffective advice," is also insufficient to allege prejudice. Petitioner has never claimed innocence or articulated any defense that he could have raised if he had gone to trial. Therefore, petitioner has failed adequately to allege prejudice. "[A] failure of proof on either prong of the Strickland test defeats an ineffective-assistance-of-counsel __________ claim." Id. at 1413-14. The district court did not err in ___ failing to hold an evidentiary hearing because, even if petitioner's allegations are accepted as true, he is not entitled to relief. The summary dismissal of petitioner's 2255 petition is affirmed. ________ -4-