29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard R. SCOTT, Plaintiff-Appellant,
v.
Sergeant GIER; State of Washington; Chase Riveland,
Defendants-Appellees.
 No. 93-35629.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 24, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert R. Scott, a Washington state prisoner, appeals pro se the district court's summary judgment for defendant prison officials in Scott's 42 U.S.C. Sec. 1983 action. Scott alleged that defendants violated his constitutional right to privacy by retaining possession of a videotape of a body search of Scott. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam), and affirm.
 
 
 3
 Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Tipton v. University of Hawaii, 15 F.3d 922, 925 (9th Cir.1994).
 
 
 4
 To state a section 1983 claim, the plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Id. at 623.
 
 
 5
 In his amended complaint, Scott alleged that defendants possess a videotape of a strip search of his body taken during 1985. Scott requested the district court to order the videotape destroyed because he feared future showings of the videotape to correctional officers. A magistrate judge recommended summary judgment for defendants and the district court adopted the recommendation.
 
 
 6
 On appeal, Scott contends that his constitutional privacy interest requires the district court to order that the videotape be destroyed. This contention lacks merit.
 
 
 7
 To obtain injunctive relief, a plaintiff must show the existence of a real and immediate injury, not an abstract injury or one which is conjectural or hypothetical. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983). A showing of past injury is insufficient; there must be a "real and immediate threat of repeated injury." O'Shea v. Littleton, 414 U.S. 488, 496 (1974). This requires a concrete and particularized invasion of a legally-protected interest. See Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992). In addition, the plaintiff must show a causal connection between the injury and the conduct complained of, and a likelihood that the injury will be redressed by a favorable decision. Id. The plaintiff bears the burden of establishing these elements. Id.
 
 
 8
 In his complaint, Scott merely alleged his own speculative fear that his privacy rights will be injured if the videotape is shown in the future. Scott's "subjective apprehension" of future harm is not a "real and immediate" injury redressable by a federal court. See Lyons, 461 U.S. at 107 n. 8, 102.
 
 
 9
 Additionally, Scott has not shown that his privacy interest in the videotape is a legally-protected interest under the Constitution. See Lujan, 112 S.Ct. at 2136; Karim-Panahi, 839 F.2d at 624. A prisoner retains certain rights of privacy under the Fourth Amendment. See Grummett v. Rushen, 779 F.2d 491, 493, 495-96 (9th Cir.1985). A prisoner's right of privacy, however, exists only so far as it is not fundamentally inconsistent with prisoner status or incompatible with the legitimate objectives of incarceration. Pell v. Procunier, 417 U.S. 817, 822 (1974). "Loss of freedom of choice and privacy are inherent incidents of confinement." Bell v. Wolfish, 441 U.S. 520, 537 (1979). A state may restrict a prisoner's rights to the extent necessary to further the correctional system's legitimate goals and policies. Hudson v. Palmer, 468 U.S. 517, 524 (1984). Institutional security has been recognized as chief among a state's legitimate goals. Id.
 
 
 10
 In support of their motion for summary judgment, defendants provided affidavits citing institutional security reasons for the policy of videotaping body searches and retaining the videotape, which could override a prisoner's privacy right. In opposition, Scott failed to present any evidence or offer legal argument which showed that his right to privacy in the videotape overcame the institution's policy. Therefore, it does not appear that Scott has shown that he has a legally-protected constitutional interest which would require the district court to order that the videotape be destroyed. See Lujan, 112 S.Ct. at 2136; see also Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir.1988) (prison's body cavity search policy reasonably related to legitimate penological interests).[1]
 
 
 11
 Because Scott has failed to show that the defendants' policy of retaining the videotape would likely cause him to sustain substantial and immediate injury to a legally-protected interest, Scott was not entitled to injunctive relief. See Lyons, 461 U.S. at 102; Lujan, 112 S.Ct. at 2136. Accordingly, the district court properly granted summary judgment for the defendants.
 
 
 12
 AFFIRMED.
 
 Circuit Judge PREGERSON, dissenting:
 
 13
 I dissent.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Scott's contention that Best v. District of Columbia, 734 F.Supp. 44 (D.D.C.1990), mandates destruction of the videotape is meritless. Best is "from a district court and, therefore, is not binding precedent on this court." United States v. 45/194 Kg. Drums of Pure Vegetable Oil, 961 F.2d 808, 812 n. 3 (9th Cir.), cert. denied, 113 S.Ct. 375 (1992). Furthermore, Best is distinguishable. In Best, the defendants' motion to dismiss failed to show that "institutional exigencies required the videotaping." Best, 743 F.Supp. at 48. Here, the defendants' affidavits in support of their summary judgment motion provided the district court with a number of supporting reasons for the institution's policy of videotaping body searches and retaining the videotape