Jose RODRIGUEZ, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civil Action No. 07–11301–JLT.

United States District Court,
D. Massachusetts.

Sept. 30, 2010.

William W. Fick, Federal Public Defender Office, Boston, MA, for Petitioner.

Peter K. Levitt, United States Attorney's Office, United States of America, Boston, MA, for Respondent.

*ORDER*

TAURO, District Judge.

After a Hearing held on September 8, 2010, this court hereby orders that:

1. Petitioner's *Motion to Withdraw Claim* [# 25] is ALLOWED.

2. This court ACCEPTS and ADOPTS the January 19, 2010 Report and Recommendation [# 20] of Magistrate Judge Collings. For the reasons set forth in the Report and Recommendation, this court hereby orders that Petitioner's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a

Person in Federal Custody [# 1] is DENIED. This case is CLOSED.

IT IS SO ORDERED.

#### *REPORT AND RECOMMENDATION ON THE PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY (# 1)*

COLLINGS, United States Magistrate Judge.

The petitioner, Jose Rodriguez, ("Rodriguez"), pled guilty to ten counts of an indictment on August 11, 2005. He was sentenced to 108 months imprisonment on July 12, 2006. He did not appeal. Over a year later, i.e., on July 16, 2007, Rodriguez, acting *pro se*, filed the instant petition. In it, he claims, *inter alia*, that his retained counsel was ineffective because he failed to file a notice of appeal from the judgment and because he advised Rodriguez to waive his appellate rights (# 2).

There was a plea agreement in the case which contained the following provision:

#### 6. *Waiver of Rights to Appeal and to Bring Collateral Challenge*

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppressions motions or any other pretrial dispositions of motions and issues.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

# 14–2 at 5–6.

When this case was initially referred, the undersigned was concerned that the District Judge had failed to inquire as to the waiver as required by the case of *United States v. Teeter*, 257 F.3d 14, 24 (1 Cir., 2001).[1] For this reason, the Court appointed the Federal Defender to represent Rodriguez in the instant § 2255 proceeding. (# 9). However, when the case came on for hearing on July 1, 2008, the Assistant U.S. Attorney stated that the Government was not relying on the waiver as to any appeal of the sentence or as to any collateral challenge. Since Rodriguez has specifically indicated that he seeks to appeal no aspect of his case other than the sentence,[2] the issue with respect to the lack of advices as required by the *Teeter* case is now moot.

 Rodriguez's claim is set forth in his Affidavits (## 3 & 18). He first asserts that "I repeatedly asked counsel, Edward Hayden, that I wanted the judgment appealed. At no time [sic] was I informed by

---

1. There was no mention of a waiver of appellate rights at the change of plea hearing. # 14–3.

2. *See* # 19.

anyone that a Notice of Appeal would not be filed and an appeal prosecuted. I had every intention of appealing the sentence." (# 3 at 1). In a later affidavit, Rodriguez avers that:

> In communications prior to my sentencing, I told my attorney, Edward Hayden, that I wanted him to argue for a drug quantity determination of 100–400 grams and to appeal any judgment/sentence based on a larger drug quantity.
>
> \* \* \*
>
> After my sentencing on July 12, 2006, I attempted to reach attorney Harden multiple times by telephone in order to discuss an appeal but was not successful in getting through to him.
>
> \* \* \*
>
> Attorney Hayden never informed me that he would not file a notice of appeal.

# 18–2.

In contrast, Attorney Hayden states in his Affidavit (# 15) that "[t]he defendant [Rodriguez] never asked me to file a notice of appeal" and "[h]e never told me that he intended to appeal the sentence."

■ Under First Circuit law, claims made in a motion under 28 U.S.C. § 2255 are to be denied "... when the record conclusively contradicts them." *United States v. Butt*, 731 F.2d 75, 77 (1 Cir., 1984) *citing Domenica v. United States*, 292 F.2d 483, 484 (1 Cir., 1961); Rule 4(b), Rules Governing § 2255 Proceedings. In this case, however, the Court cannot conclude that Rodriguez' allegations are conclusively refuted. There is a clear dispute of fact on the issue. In these circumstances, the Court must recommend that an evidentiary hearing be held on the question of whether, in fact, Rodriguez had told Attorney Hayden to appeal the sentence. As the Supreme Court has written:

> We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit."). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

In a case where it has been found that a defendant instructed his attorney to appeal and the attorney does not do so, the defendant does not have to establish prejudice. This is because in such a situation, counsel's failures "... led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." *Roe*, 528 U.S. at 483, 120 S.Ct. 1029. The Court continued:

> According to [the defendant], counsel's deficient performance deprived him of a notice of appeal and, hence, an appeal altogether. Assuming those allegations are true, counsel's deficient performance has deprived [him] of more than a *fair* judicial proceeding; that deficiency deprived [him] of the appellate proceeding altogether.

*Roe*, 528 U.S. at 483, 120 S.Ct. 1029 (emphasis in original).

In these circumstances, the Court held that the situation in which counsel's deficient performance caused a "... denial of the entire judicial proceeding itself, which

[the] defendant wanted at the time and to which he had a right, ... demands a presumption of prejudice." *Id.*

In short, all that a defendant must show is that he told his attorney that he wanted to appeal and that the attorney, despite what the defendant said to him, did not appeal. The defendant does not have to show that his appeal would have been meritorious. *Roe*, 528 U.S. at 485, 120 S.Ct. 1029.

It should be noted that the *Roe* case actually dealt with the situation in which "... the defendant has not clearly conveyed his wishes [as to an appeal] one way or the other[.]" *Roe*, 528 U.S. at 477, 120 S.Ct. 1029. In that scenario, if a defendant later claims his counsel was ineffective for failing to consult with him about filing an appeal, the "defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe*, 528 U.S. at 484, 120 S.Ct. 1029. Showing that there is merit in his claims or that his claims are frivolous *may* be relevant on the question of whether or not the defendant would have appealed, but the defendant is not required "... to demonstrate that his hypothetical appeal might have

had merit ...". *Roe*, 528 U.S. at 486, 120 S.Ct. 1029. What must be shown is "that, but for counsel's deficient conduct, he would have appealed." *Id.*

As is obvious, the findings which the District Judge makes after hearing the evidence will determine what factors enter into the calculus. Whether or not the merits or lack thereof become relevant on the question of whether Rodriguez would actually have appealed had Attorney Hayden acted properly depends on the facts the District Judge finds as to what was and what was not communicated between them.[3]

■ Next, the Court must consider the other allegations *vis-a-vis* Attorney Hayden's ineffectiveness. Rodriguez complains that Attorney Hayden was ineffective at sentencing in a number of other respects. In his *pro se* filing, he claims that Attorney Hayden "... failed to properly [sic] challenge the Leadership enhancement under U.S.S.G. § 3B1.1" and that "... there was a due process violation in the drug quantity determination; and the sentence was improperly enhanced based on an unconstitutional prior conviction." # 2 at 1.

3. With all due respect, I disagree with one part of the discussion in the case of *Zanuccoli v. United States*, 459 F.Supp.2d 109 (D.Mass., 2006). In that case, the petitioner claimed "... that his counsel impermissibly refused to file an appeal at his direction." *Id.* at 111. The District Judge did not credit the statement. So far, so good. But then the Court went on to state that even if counsel failed to file an appeal when asked to, that would not mean counsel's performance was deficient and wrote that "[a] guilty plea and lack of nonfrivolous grounds for appeal are 'highly relevant' circumstances in determining deficiency," *Id.* at 112, citing, in a footnote, the *Roe* case, 528 U.S. at 478–80, 120 S.Ct. 1029. The problem is that on pages 478 through 480, 120 S.Ct. 1029, of the *Roe* decision, the Supreme Court is not talking about the situation in which the defendant has explicitly asked the attorney to appeal. That discussion is on page 477, 120 S.Ct. 1029. Rather, on pages 478 through 480, 120 S.Ct. 1029, the Supreme Court is discussing in "what circumstances ... counsel [has] an obligation to consult with the defendant about an appeal" when the defendant has not indicated one way or the other whether he wants to appeal. *Roe*, 528 U.S. at 478, 120 S.Ct. 1029. In my view, "[a] guilty plea and lack of nonfrivolous grounds for appeal are 'highly relevant' circumstances in determining deficiency", *Zanuccoli*, 459 F.Supp.2d at 112 (footnote omitted), only when the defendant has not expressed his desire to appeal to counsel but rather has not expressed his desire one way or the other. *Roe*, 528 U.S. at 478, 120 S.Ct. 1029.

After the appointment of counsel in the instant § 2255 proceeding, these allegations were somewhat clarified. First, it is alleged that Attorney Hayden was ineffective by not "request[ing] a lower sentence ... because the guideline range calculated by Probation was based on a drug quantity determination—at least 400 grams of heroin—that exceeded even the quantity the government agreed to advocate." # 11 at 5. Second, it is claimed that Attorney Hayden was ineffective because he did not advocate "an even lower calculation based on less than 100 grams of heroin and object to the role enhancement" which he could have permissibly done under the plea agreement. # 11 at 5. The argument runs that Attorney Hayden should never have agreed to a joint recommendation of 108 months.

There are two answers to these arguments. First, just prior to sentencing, Attorney Hayden and the Assistant U.S. Attorney made a *new* agreement to recommend to the Court a joint recommendation of 108 months which was near the midway point of the guideline range found by the Probation Department, i.e., 97 to 121 months. This agreement basically superseded the earlier plea agreement. Quite simply, if Attorney Hayden had not agreed to a joint recommendation of 108 months, the U.S. Attorney, consistent with the earlier plea agreement, could have sought a more lengthy sentence. Attorney Hayden's decision, therefore, to agree to a joint 108–month recommendation was a tactical one. Although some other defense counsel might have taken a different tack, it cannot be said that Attorney Hayden's representation in this respect "fell below an objective standard of reasonableness ...". *United States v. De La Cruz,* 514 F.3d 121, 140 (1 Cir., 2008) citing *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *cert. denied,* —— U.S. ——, 129 S.Ct. 2858, 174 L.Ed.2d 600 (2009).

■ The second point, in the Court's view, dooms all issues of the § 2255 petition other than the claim respecting filing a notice of appeal. The plain fact is that at sentencing, after the joint 108–month recommendation was placed on the record and the Court had stated that it was "... going to accept the joint recommendation" (# 14–4 at 6), but before sentence was pronounced, the District Judge, being extremely careful to make sure that Rodriguez understood what the joint recommendation was and personally agreed to it, addressed the defendant as follows:

> THE COURT: All right. I want to make, before I go forward, I want to make sure the defendant understands the agreement that has been recited here in open court, an agreement obviously entered into between his lawyer and government counsel.
>
> Do you understand that and do you agree that—first of all, do you understand that the agreement is that a recommendation of 108 months, four years of supervised release and no fine are going to be recommended here as a sentence? Do you agree to that sentence?
>
> THE PROBATION OFFICER: Excuse me, Your Honor. The supervised release term is six years mandated by statute.
>
> THE COURT: All right. Six years.
>
> THE DEFENDANT: (Through the Interpreter) Yes, I understand the sentence.
>
> THE COURT: All right. You have no objection to the recommendation?
>
> THE DEFENDANT: (Through the Interpreter) No, Your Honor.

# 11–4 at 8–9.

On the basis of this colloquy, the Court rules that petitioner's claims regarding counsel's performance *vis-a-vis* the sen-

tencing are refuted by the record which clearly establishes that he agreed to the stance which counsel took in agreeing to the joint recommendation of 108 months and thereby received a benefit. Having made the agreement and affirmed it in open court, he is estopped from repudiating it in § 2255 proceeding.

Accordingly, I RECOMMEND that the District Judge convene an evidentiary hearing to determine the facts as to whether there were any communications between Rodriguez and Attorney Hayden respecting an appeal from the sentence imposed on July 12, 2006, and if so, what those communications were. If the Court finds that Rodriguez told Attorney Hayden to file an appeal and Attorney Hayden did not do so, Rodriguez should be allowed to appeal at this time. If the Court finds there was no communication, the District Judge then should apply the teaching of the *Roe* case to determine if Rodriguez has demonstrated that if Attorney Hayden had discussed the option of an appeal with him, Rodriguez would have, in fact, appealed the sentence.

I FURTHER RECOMMEND that the Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (# 1), to the extent that it claims relief based on counsel's asserted ineffectiveness at sentencing detailed at pp. 347–48, *supra*, be DE-NIED.

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services,* 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia–Copete,* 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega,* 678 F.2d 376, 378–379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).